[No. 8922. Department Two. March 17, 1911.]

WILLIAM MALSCH et al., Respondents, v. MAY WINFREE WAGGONER et al., Appellants.[1]

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. The erroneous admission of a deed which was no evidence of legal title is harmless, where the court found on other evidence that the grantee was the owner of the premises.

EASEMENTS—PRESCRIPTION—PERMISSIVE USE. Permissive use for twenty years of a private way across plaintiff's land to a county road does not establish an easement, where there was another practical route, plaintiff's predecessors having sold to defendant's predecessors a strip of land for the express purpose of giving access to the county road.

EASEMENTS—IMPLIED GRANTS—"APPURTENANCES." The grant of land with the "appurtenances" does not infer the grant of a right of way leading to the land over an existing road, where there was no existing easement.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 3, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to enjoin a trespass upon real property. Affirmed.

Hoffman & Bailey, for appellants.
Davis & Davis, for respondents.

CROW, J.—The following plat of the southeast quarter of section 13, township 29, north, of range 43, east, W. M., in

[1]Reported in 114 Pac. 446.

Spokane county, will be of material assistance in understanding the issues involved in this action.

Tract A, consisting of forty acres, is the northeast quarter of said southeast quarter of section 13, and tract B is the north thirty acres of the northwest quarter of said southeast quarter of section 13. These two tracts, alleged to be the property of the plaintiffs, William Malsch and Katie Malsch, his wife, will hereinafter be designated as the north lands. Tract C is the south ten acres of the northwest quarter of said southeast quarter of section 13, and tract D, consisting of eighty acres, is the south half of said southeast quarter of section 13. These two tracts belong to the defendants, May Winfree Waggoner and I. N. Waggoner, her husband, and will hereinafter be designated as the south lands. Tracts A, B, and C are intersected and traversed by an established county road, which runs in a generally northeasterly and southwesterly direction as indicated on the plat. Commencing in tract D, crossing tract C, and part of tract B, about as indicated on the plat, is an alleged private road, which, running in a northerly and southerly direction, affords the defendants

a means of ingress and egress to and from their south lands, tracts C and D, across a portion of plaintiffs' tract B, to the county road. The right of the defendants to thus use this private road over plaintiffs' tract B is the controlling issue in this action. For many years a fence was constructed and maintained through tract B along the south side of and parallel to the county road. Bars which could be opened and closed were maintained in this fence at a point where it crossed the line of the north and south private road, and the owners of the south lands, with the permission of the owners of the north lands, passed along the north and south road over a portion of tract B, and through these bars to the county road. Some time in 1908 the plaintiffs erected a fence along the south line of their thirty-acre tract B, which cut off the defendants' access to the county road. The defendants cut this new fence, placed a gate therein, and continued to use the north and south road. This action was commenced to enjoin them from using the gate or trespassing on plaintiffs' land. From a decree in plaintiffs' favor, the defendants have appealed.

The appellants contend that the findings of the trial judge are not sustained by the evidence. We shall not discuss the evidence in connection with this assignment, it being sufficient to now state that, after a consideration of all competent evidence, we approve the findings as made.

The record shows that for some time prior to June 28, 1902, one Jesse L. Grove and Grace Grove, his wife, held title to, and were in possession of, the north lands; that one W. S. Whitney held title to, and was in possession of, the south lands; that on said date Grove and wife sold, and by warranty deed attempted to convey, the north lands to Whitney, from whom respondents derive their equitable title; that by mistake, possibly of the scrivener, the north lands were described as being in the north half of section 13, instead of the north half of the southeast quarter of section 13; that this deed was filed for record on August 30, 1902; that shortly thereafter Grace Grove, one of the grantors, died intestate, leaving two

minor children as her heirs at law; that after her decease the mistake in the description was discovered; that thereupon Jesse L. Grove, her surviving husband, took the original deed to the notary public who had drawn it, and had taken the acknowledgment, and caused him to correct the description to correspond with the actual intention of the parties; that the corrected deed, without any further acknowledgment, was again filed for record on September 18, 1902, at the request of W. S. Whitney, the grantee, and was duly recorded.

During the progress of the trial the respondents offered in evidence as their exhibit one, a certified copy of this deed as corrected and recorded the second time. To its introduction appellants objected, for the reason that such certified copy disclosed the fact that the deed had been twice recorded, and that no new acknowledgment had been taken after the first record, and prior to the second. This objection was overruled. Thereafter appellants introduced in evidence a certified copy of the deed as originally drawn and recorded, and moved the trial court to strike respondents' exhibit one. This motion was denied, and appellants now predicate error upon the admission of respondents' exhibit one, and the later refusal of the trial court to strike the same. In support of these assignments appellants, citing many authorities, enter upon an elaborate discussion of the legal effect of the certified copy of the corrected deed as evidence of title, no new acknowledgment having been taken. We regard this discussion as immaterial, and conclude that no prejudicial error was committed in admitting the deed. The trial court found:

"That on July 28, 1902, Jesse L. Grove and Grace Grove, his wife, the then owners, sold to W. S. Whitney the NE. 1/4 and north 30 acres of the NW. 1/4, all of SE. 1/4 of section 13, township 29, range 43 E. W. M. and executed a warranty deed wherein said lands were incorrectly described as 'The north half (N. 1/2) of section thirteen (13), township twenty-nine (29), range forty-three (43)' the intention of the grantors by the said instrument was to convey the north half (N. 1/2) of the southeast (SE 1/4) of said section thirteen (13); this

deed was filed for record in the office of the auditor of Spokane county on August 30, 1902, at 12 : 30 p. m. and was recorded in Book 132 of deeds, at page 260 ; thereafter and after the death of Grace Grove, the wife of the said Jesse L. Grove, who left surviving her her husband and two minor children, it was discovered that the lands intended to be conveyed, were therein incorrectly described and on December 5, 1902, the said Jesse L. Grove, grantor went to Henry W. McNamar, a notary public before whom the acknowledgment of the said instrument was taken and the said Grove requested him to correct the said instrument so as to conform to the intent of the parties and thereupon the said notary public inserted in the said instrument the words "Of S. E. ¼" so that the description read, 'N. 2 of S. E. ¼ of sec. thirteen (13) town. 29, range 43, cast, in Spokane county, Washington,' and thereupon the said deed was afterwards re-delivered to said Whitney and was re-recorded."

It is evident that the certified copy of the corrected deed was admitted by the trial judge, not as evidence of the legal title, but merely for the purpose of showing all circumstances attending the transfer of possession, and the mutual intention of the parties, as to the lands sold and sought to be conveyed. Whitney, the grantee, undoubtedly purchased the north lands from Grove and wife, for a valuable consideration of $1,200, recited in the original deed, and also in the corrected deed. Jesse L. Grove, one of the grantors, testified that he and his wife had sold the north lands to Whitney and attempted and intended to convey the same by the deed in question. On September 17, 1906, Whitney sold and conveyed the north lands to the respondents, by warranty deed reciting a consideration of $1,600, and respondents for a long time prior to the commencement of this action were in exclusive, adverse, and peaceable possession of the north lands, claiming title thereto under these identical deeds. The lower court found the respondents had possession and that they owned the equitable title. The evidence was sufficient to sustain this finding without any reference to the certified copy of which appellants complain. No prejudicial error was therefore committed by its admission,

even though it be conceded that, as contended by appellants, it was not evidence of legal title.

Appellants further contend that the north and south private road, being the road in dispute herein, has for about twenty years been continuously used as a means of ingress and egress to and from the south lands by themselves and their predecessors in interest; that their south lands, as they express it, are land-locked, and that they have no other practicable means of ingress or egress. These contentions are not supported by the evidence. Originally Jesse L. Grove and wife owned, not only tracts A and B, but also the ten-acre tract C. At that time Whitney, who was related to them, owned tract D. Grove and wife conveyed to Whitney the ten-acre tract C, for the express purpose of giving him access to the county road, which it will be observed from the plat, passes through the northwest portion of tract C. Afterwards Whitney purchased the north lands from Grove and wife, receiving the deed which by mistake contained the incorrect description. Thereafter appellants, by mesne conveyances, deraigned their title to the south lands from Whitney while he still held the north lands, and later the respondents deraigned their possession and equitable title to the north lands from Whitney. It will be observed that the county road passes through the ten-acre tract C, which Whitney first obtained from Grove, and which appellants now own. Appellants contend that a road cannot be constructed to the county road entirely upon this tract C, but the evidence does not sustain this contention. They further insist that, after Grove and wife conveyed tract C to Whitney, he, Whitney, and his grantees continued to use the old road. This is conceded, but the evidence discloses that such use was permissive only, and that a letter written by the appellant I. N. Waggoner to the respondent William Malsch, prior to the commencement of this action, clearly shows that Waggoner himself so regarded it.

Appellants further insist that they are entitled to an ease-

ment upon the private road across tract B to the county road. In their reply brief they say:

"The only easement we contend for in this case is an implied one. . . We do not now, or never did, claim that this was a highway or that the use of said 'North and South' road was by license, and that a parol license was irrevocable."

. In support of their contention they cite the fact that, when Whitney sold the south land, including tract C, to their predecessors in interest, he owned or claimed to own the north lands, and insist that if he did then own the north lands, that fact, coupled with the absence of any practicable way of ingress to or egress from the south lands, established an implied grant by Whitney of an easement over tract B as an appurtenance to the south lands, and in support of such contention cite the following from 14 Cyc., at page 1166:

"Upon the principle of construction that · where a man grants a thing he grants with it everything necessary to its enjoyment, it is held that by a grant of land easements necessary for its enjoyment are created *ex necessitate* and pass by the grant, although not expressly named. The rule of the common law upon this subject is that where the owner of two heritages or of one heritage consisting of several parts has arranged and adapted these, so that one derives a benefit or advantage from the other of a continuous and obvious character, and he sells one of them without making mention of those incidental advantages or burdens of one in respect to the other, there is in the silence of the parties an implied understanding and agreement that these advantages and burdens respectively shall continue as before the separation of the title."

There was, however, no necessity for the implied easement for which appellants contend. The evidence disclosed that the way had never been used adversely, that the use had been permissive only, and that there is another possible and practicable way from the south lands to the county road entirely within tract C, which can be used without crossing tract B.

"A grant of a right of way cannot be inferred merely from the fact that there is a way leading to the premises purchased,

even though the grant of land be with all privileges and appurtenances, for the use of the word 'appurtenances,' although appropriate in the conveyance of an existing easement, is not sufficient to create one where none exists." 14 Cyc. 1170.

"No implication of a grant of a right of way can arise from proof that the land granted cannot be conveniently occupied without it. Its foundation rests in necessity not in convenience. It follows that a party cannot have a way of necessity through the land of another when the necessary way to the highway can be obtained through his own land, however convenient and useful another way might be." 14 Cyc. 1173.

This equitable cause is before us for trial *de novo*, and upon the entire record we conclude no prejudicial error has been committed, and that the judgment of the trial court should be affirmed. It is so ordered.

DUNBAR, C. J., MORRIS, and CHADWICK, JJ., concur.