[No. 16844. *En Banc.* January 23, 1922.]

## A. Dawson, *Appellant*, v. Augusta L. Greenfield *et al., Respondents.*[1]

Easements (12)—Implied Grants—Ways in General. Where a deed to part of a tract of land contained a clause following the warranty reciting "and a road 30 feet wide from Lebbe county road to the premises above described," nothing more than an easement was granted for a right of way which existed by implication, since there was no other means of access to the county road.

Same (12). An easement of a way by implication will pass to the grantee of a parcel of an entire tract of land if it is necessary for the convenient and comfortable enjoyment of the property as it existed when the severance was made.

Appeal (133)—Preservation of Grounds—Pleadings—Amount of Recovery. The relief sought by plaintiff in his complaint limits his recovery on appeal, where he made application for a larger amount and subsequently withdrew it in the court below.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered October 25, 1920, in favor of the defendants, in an action to foreclose a mortgage, tried to the court. Reversed.

*R. F. Dotsch* and *Ben S. Sawyer,* for appellant.

*Vance & Christensen,* for respondents.

Hovey, J.—This is an action for the foreclosure of a mortgage upon certain acreage in Thurston county, Washington, wherein the appellant is mortgagee and the respondent Augusta L. Greenfield, formerly Augusta L. Johnston, is mortgagor. Respondent Ira Greenfield is the present husband of the mortgagor.

The property was conveyed by the mortgagee to the mortgagor on October 28, 1915, by a deed of general warranty containing the following words at the conclusion of the warranty clause: "And a road 30 feet

[1]Reported in 203 Pac. 948.

wide from Lebbe county road to the premises above described.'' The purchase price of the property was slightly in excess of $3,000, and at the time of the transaction the purchaser borrowed from a third person the sum of $1,400, of which $1,300 was paid to the grantor, and gave the mortgage in suit for the principal sum of $1,635 in payment of the balance of the purchase price.

Respondents defended upon the ground that the appellant agreed to furnish a road to the premises described in the deed, and alleged that he had failed to do so, and prayed that the appellant's action be dismissed and that he be enjoined from proceeding to foreclose the mortgage.

The trial court found that the language in the deed referred to was that ''of promise and condition and not in warranty, and that the terms and conditions contained in the deed had not been carried out'', and entered a decree dismissing the action and enjoining the plaintiff from disposing of the mortgage until the securing and construction of a road appurtenant to the premises described in the complaint.

Respondents were permitted, over the objection of the appellant, to introduce evidence to the effect that there was an undertaking or agreement on the part of the appellant to supply a road for the use of the premises conveyed, and that the language above quoted in the deed was intended to be an express undertaking to accomplish this purpose.

It appears from the testimony that the land in question was a part of a large tract owned by one Hillman at the time conveyance was made to appellant, and that at that time the premises herein involved were connected with an established county road by a road running across a forty-acre tract of land, and all included within the holdings of Hillman. It further appears that the appellant, while he owned the land, and the

respondents, since they have acquired it, have continued to use this road without any interruption or hindrance, and there was no showing that any one was now attempting to interfere with such use. We will assume, without deciding, that this defense can be interposed in an action of foreclosure.

The testimony on this issue on behalf of the respondents consisted principally of that of the respondent Augusta L. Greenfield. She testified that, at the time the deal was made, she demanded that she be supplied with a road and that appellant agreed to give her one, and that she withheld $100 of the purchase price for three different reasons, dependent upon the portion of her testimony that is considered. In one place she says that it was withheld until such time as appellant would supply the road; in another place she said it was withheld to reimburse her for the cost of moving; and in another place she says it was an oversight on the part of the attorney who handled the transaction. She is corroborated by one witness to the effect that there was something said about her having a road. Nowhere is there any definite testimony to the effect that the respondent was to receive anything more than the easement for a road which was appurtenant to the premises purchased, and, from the testimony, she did receive such easement. When the land was deeded by Hillman to the appellant, an easement for this road arose by implication.

"Where the owner of an entire tract of land or of two or more adjoining parcels employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication." 19 C. J., p. 914.

We find two cases from this court where the question has arisen. In *Malsch v. Waggoner,* 62 Wash. 470, 114 Pac. 446, the right to an easement by implication was denied unless there was an absolute necessity, but the doctrine of this case was modified by *Schumacher v. Brand,* 72 Wash. 543, 130 Pac. 1145, wherein it is decided that an easement will be implied if it is necessary for the convenient and comfortable enjoyment of the property as it existed when the severance was made.

In this case, the testimony shows that the tract in question has no other means of access to the county road, and the grant is implied under either of our previous decisions. We do not consider it necessary to pass on the question whether the testimony relative to the clause in the deed was properly admitted, for, as we view this deed, these words were merely descriptive of an easement passing with the land, and under the facts of the case they did not add anything to the rights which she obtained by the balance of the deed.

Appellant asks in this court for the reformation of his mortgage and for the increase of the amount recovered by the $100 retained by the mortgagor at the time the land was purchased. This relief was not asked in his complaint, and although he made a motion to this effect upon the trial and obtained such relief from the lower court, he afterwards withdrew his application and asked to have the pleadings stand as they were in the first instance, and this right was granted by the court. He is not in a position on this appeal to increase the amount of recovery.

The judgment of the lower court is reversed, with directions to enter a decree of foreclosure as prayed, including a reasonable sum as attorney's fees, less the sum of $12 which, it appears from the testimony, the

respondent has paid in excess of the first year's interest.

All concur.