[No. 7643. Decided November 7, 1908.]

## PETER SANDBERG *et al.*, *Respondents*, v. CHARLES ROWLAND *et al.*, *Appellants.*[1]

PARTY WALLS—AGREEMENT RUNNING WITH LAND—INTENTION— CONSTRUCTION OF CONTRACT. A party wall agreement runs with the land, and a conveyance of the lot on which the building was erected passes to the grantee the right to enforce payment for the wall when used, where that was the intention of the parties, and such an intention sufficiently appears where the agreement binds the owners of the adjoining lot, "their heirs, executors, administrators and assigns" to pay for one-half of the wall whenever they build or use the wall.

SAME — PAYMENT — TRIAL — AGREED STATEMENT OF FACTS. An agreed statement of facts showing that defendants paid one Z for a party wall after Z had conveyed the property to the plaintiffs and while plaintiffs were in possession, sufficiently shows that defendants had not paid the plaintiffs therefor.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 22, 1908, in favor of the plaintiffs upon an agreed statement of facts. Affirmed.

*Boyle, Warburton, Quick & Brockway,* for appellants.

*Bates, Peer & Peterson,* for respondents.

DUNBAR, J.—This is an action brought by plaintiffs, respondents here, on a party wall agreement. It was tried in the court below upon stipulated facts. The pertinent facts stipulated are as follows: That on and prior to the 17th day of April, 1890, William Zinram and Francis Zinram, his wife, were the owners in fee simple of lot 9, in block 1504, in the

[1]Reported in 97 Pac. 1087.

city- of Tacoma, and that on and prior to the said 17th day
of April, 1890, J. B. Thompson and Ida E. Thompson, his
wife, were the owners in fee simple of the adjoining lot 8 in
said block; that on said 17th day of April, 1890, William
Zinram and Francis Zinram, as parties of the first part, and
J. B. Thompson and Ida E. Thompson, as parties of the sec-
ond part, made and entered into a certain contract for the
erection of a party wall upon the line between the two lots
above described, which said contract was duly recorded in the
office of the auditor of Pierce county. After setting forth in
the agreement a description of the wall which the parties of
the first part agreed to erect, the agreement concludes as
follows:

"In consideration of the payments and erection by the said
parties of the first part of the said party wall, the parties of
the second part for themselves, their heirs, executors, adminis-
trators, and assigns agree that whenever they shall erect or
cause to be erected or whenever any other part of the said par-
ty wall is utilized for a building other than the one now on
said lot number eight they will pay the said parties of the
first part, their heirs or assigns, their proper proportion of
the price of said party wall at that time without interest,
price to be paid by parties of the second part to be determined
at the time the party wall shall be purchased by the said par-
ties of the second part."

It was further stipulated, that, subsequent to the making
of said contract and pursuant thereto, said William Zinram
and Francis Zinram caused to be erected on the line between
said lot 9 and lot 8 a party wall, four stories high; the full
length of said lot; that on or about the 30th day of December,
A. D. 1904, the Philadelphia Securities Company, being the
owner in fee simple of said lot 9, made and executed an agree-
ment of sale of the premises to the plaintiffs herein;—it is
not necessary to set forth this agreement of sale—that said
plaintiffs entered into possession of said property under said
contract; that thereafter the plaintiffs, under the terms and
provisions of said contract, received a warranty deed from the

said Philadelphia Securities Company for said lot 9 on the
26th day of January, 1907; that the defendants are now,
and at all times since the 24th day of January, 1903, have
been, the owners in fee simple of lot 8 aforesaid, and the as-
signees and successors in interest of said J. B. Thompson
and Ida E. Thompson, his wife; that said defendants on or
about the 1st day of July, 1906, caused to be erected a five-
story brick building upon said lot 8, and have utilized therefor
the party wall theretofore erected by William Zinram and
Francis Zinram upon the line between said lots 8 and 9; that
on the 29th day of November, 1905, William Zinram and
Francis Zinram acknowledged the receipt from Charles Row-
land and Clara Williams of full payment of any and all
claims under said party wall agreement, and granted the said
Charles Rowland and Clara Williams the right to the use of
the said party wall without any further compensation; that
the proportion of said party wall at the time it was used and
utilized by the defendants was of the reasonable value of
$1,673.59; that the defendants have failed, refused, and
neglected to pay the plaintiffs any part of the value of said
party wall, although requested so to do. After the hearing
and argument of counsel on said agreed statement of facts,
the court charged that the plaintiffs were entitled to a judg-
ment against the defendants for the sum of $1,673.65, costs,
and disbursements. From this judgment in favor of the
plaintiffs, this appeal is taken.

On the subject of the payment of the expense of the con-
struction of a party wall, the decisions of the courts have
not been uniform. On the contrary, there has been an ir-
reconcilable conflict. In New York and Illinois it has been
uniformly decided that the payment for a party wall is in no
way connected with the land, and that the covenants in regard
to the payment of the same or for its use cannot be construed
to run with the land. But these are extreme cases, the logic of
which does not seem to have appealed to courts generally.
In other jurisdictions it has been determined that the right

to that portion of a party wall resting on the lot of an adjoining owner is not personal to the owner of the lot on which the building is erected, but one running with the land, and that therefore a conveyance of the lot on which the building is erected passes to the grantee the right to recover of the adjacent owner the value of one-half of the wall when used by him. In many other jurisdictions it is held that it is purely a question of intention, to be gathered from the agreement of the original parties to the contract.

It is conceded by the appellants in this case that the doctrine of New York and Illinois has been repudiated by this court in *Hoffman v. Dickson*, 47 Wash. 431, 92 Pac. 272, 93 Pac. 523, and it was there decided that such covenants run with the land, but that it must appear from the party wall agreement that such was the intention of the parties to the contract. It is stoutly contended, however, that the terms of the contract in that case were essentially different from the terms of the contract in the case at bar, and that that case is therefore not an authority which would sustain the judgment in this case. It is true that the language of the agreement in that case was not identical with the language of the agreement in this case. In the *Hoffman* case it was provided that the covenants should run with the land and should bind the heirs, legal representatives and assigns of the respective parties to the contract. But the whole argument of the opinion indicates that the court would have affirmed the judgment if the language had been identical with the language used in this case. The decision was based largely upon the decision of the case of *Southworth v. Perring*, 71 Kan. 755, 81 Pac. 481, 114 Am. St. 527, 2 L. R. A. (N. S.) 87, and what was said in the answer to the petition for rehearing in that case, in 82 Pac. 785, and the argument of the court in that case, was quoted with approval. In that case the language of the agreement which was construed was as follows:

"The parties hereto bind and obligate their heirs, executors, administrators and assigns to the fulfillment of all the terms and conditions of this agreement."

It is contended by the appellants that such words are stronger than the words used in the contract here under consideration, and are easily distinguished therefrom. While the language is more redundant, the legal effect is exactly the same, for the statement that the parties of the second part, for themselves, their heirs, executors, administrators, etc., is just as binding upon themselves, their heirs, executors, administrators, and assigns as though they had stated that they were bound. The court in its conclusion stated:

"We regard contracts of the character of that here involved as in their nature so related to the real property affected, and so adapted to impose their obligations and bestow their benefits upon the successors in title of the landowners by whom they are made, that the purpose that they shall have that effect is readily to be inferred from the employment of language having any substantial tendency in that direction. In the present case we hold that the use of the clause making the terms of the contract binding upon the heirs, executors, administrators and assigns of the parties sufficiently indicates that intention. What the effect of the omission of that provision might have been we do not determine."

But it is also contended by appellants that the cases cited and relied upon in *Southworth v. Perring, supra*, do not justify the conclusion reached by the court in that case. An examination of those cases convinces us that the contention is not justified, but that on the contrary many of the cases cited were determined on language less calculated to evince an intention to cause the covenants to run with the land than was the language used in that case. The authorities are so exhaustively set forth in that opinion and in the subsequent opinion on petition for rehearing, as also in the opinion of this court in *Hoffman v. Dickson, supra*, that we do not feel justified in again reviewing them, but hold that in this case the covenants to pay for the wall were covenants running with the land.

There seems to be nothing in the contention that the agreed statement of facts does not affirmatively show that payment for the wall had not been made to the Philadelphia Securities Company. The respondents were in possession of the premises and the wall at the time appellants paid the Zinrams, and it would be a violent presumption, in the absence of any showing or claim to that effect, that they then proceeded to pay the Philadelphia Securities Company after the surety company had contracted to convey the land to respondents.

The judgment is affirmed.

MOUNT, RUDKIN, and FULLERTON, JJ., concur.

ROOT, J., dissents.

HADLEY, C. J., and CROW, J., took no part.