[No. 9703.  Department Two.  April 8, 1912.]

ELLENSBURG LODGE No. 20, INDEPENDENT ORDER OF ODD FELLOWS, *Respondent*, v. C. L. COLLINS et al., *Appellants*.[1]

PARTY WALLS—AGREEMENT—CONSTRUCTION. An agreement for a party wall is not obscure and uncertain by reason of the use of the phrase that the parties shall "lease" the right to use the premises for the construction of such a wall, the parties having subsequently construed it as a party-wall agreement and not as an executory agreement for a lease.

PARTY WALLS—AGREEMENT RUNNING WITH LAND—ESTOPPEL. There is an estoppel to assert that a party-wall agreement is personal to the original parties by reason of its failure to covenant that it shall run with the land, or to mention the heirs, successors, or assigns of the parties, where the party wall was constructed within a short time, and subsequently both of the original parties conveyed, each deed expressly stipulating that all rights under the party-wall agreement were transferred to the grantees, subsequent deeds in the chain of title containing the same stipulations.

CORPORATIONS — ACTIONS — PAYMENT OF LICENSE FEE—STATUTES. Rem. & Bal. Code, § 3714, providing that every corporation having a capital stock shall pay an annual license fee, has no application to a corporation organized for fraternal purposes having no capital stock, which can accordingly maintain an action without payment of such a fee.

[1]Reported in 122 Pac. 602.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered March 22, 1911, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action upon a party-wall agreement. Affirmed.

*A. L. Slemmons*, for appellants.

*C. R. Hadley* and *L. A. Vincent*, for respondent.

Crow, J.—This action was commenced by Ellensburg Lodge No. 20, Independent Order of Odd Fellows, a corporation, against C. L. Collins and Della Collins, his wife, to re-. cover one-half of the value of a party wall. The complaint alleged that, on May 16, 1889, Simeon W. Maxey and W. W. Fish, as separate owners of two adjoining lots in the city of Ellensburg, with their respective wives, executed a written contract, material portions of which read as follows:

"It is mutually agreed by and between the parties to this agreement that the said parties or either of them desiring to erect brick buildings on the land between their said tracts of land, shall lease the right to place the center of their wall upon the line between said tracts, and in such a manner that one-half of the width of such wall will be on each side of the line between said tracts and if any such walls are built, either party to this agreement shall have the right and privilege at any time of owning and using the one-half of any such wall erected upon his land, as a party wall for building purposes, or so much of said wall as such party desires to use, by the party so desiring to use said wall built by the other party paying to such party who has built said wall the reasonable value of said wall, or so much thereof as such party may desire to use;"

that this contract, on the date of its execution, was filed for record in the office of the auditor of Kittitas county, and was recorded in Book J, records of deeds, at page 129; that pursuant thereto, Simeon W. Maxey, in the year 1889, erected a two-story brick building on his lot, with the north wall thereof located one-half on his lot and one-half on the Fish lot; that the party wall was two stories in height, and one

hundred feet in length; that its reasonable cost was $1,-772.77; that by mesne conveyances, in each of which all rights of the grantors under the party-wall agreement were conveyed to the grantees, the plaintiff succeeded to the title of Maxey and wife; that by mesne conveyances, in each of which title was conveyed subject to the terms and conditions of the party-wall agreement, the defendants succeeded to the title of Fish and wife; that thereafter, on or about March 31, 1910, the defendants C. L. Collins and wife completed the erection of a two-story brick building on their lot, using the party wall for the length of sixty feet and to the height of two stories, as their south wall, and that the reasonable value of one-half of the portion of the party wall thus used by defendants was $531.88, no part of which had been paid, and for which plaintiff demanded judgment. To this complaint, the defendants' demurrer was overruled. Thereupon they refused to plead further, and appealed from a final judgment entered in plaintiff's favor.

The sufficiency of the complaint is questioned by the appeal. Appellants' first contention is that the original contract between Maxey and wife and Fish and wife was not a party-wall agreement, but was intended as an executory contract for a future lease, which could not be enforced because of obscurity and uncertainty in its terms. The word "lease" appears in the contract, but it is evident that the instrument was intended to be a party-wall agreement, and that the word "lease" (which respondent insists should be read as "have") was inadvertently used. The action of the original parties to the contract, as disclosed by their respective deeds of conveyance executed after the party wall was built, shows beyond question that each of them construed the instrument as a party-wall agreement and not as an executory contract for a future and indefinite lease. The construction of the writing for which appellants now contend is too strained and technical to merit our approval. The contract was unquestionably a party-wall agreement.

Appellants' principal contention is that the covenants of the instrument are personal to the original parties, and that they do not run with the land. In support of this position, they argue that as the instrument fails to expressly provide that its covenants shall run with the land, and as it makes no mention of heirs, successors, or assigns of the contracting parties, it is necessarily their personal contract, under which no rights have been acquired by respondent, and no liability has been assumed by appellants. In further support of this position, they cite *Hoffman v. Dickson*, 47 Wash. 431, 92 Pac. 272, 93 Pac. 523, 125 Am. St. 907; *Sandberg v. Rowland*, 51 Wash. 7, 97 Pac. 1087, 130 Am. St. 1077; and *Hawkes v. Hoffman*, 56 Wash. 120, 105 Pac. 156, 24 L. R. A. (N. S.) 1038. In *Hoffman v. Dickson* this court, quoting from *Adams v. Noble*, 120 Mich. 545, 79 N. W. 810, said:

"In commenting upon the authorities, the opinion in *Adams v. Noble, supra*, says: 'It is difficult to harmonize all the authorities, but we think they may fairly be divided into two classes,—one class holding that the covenant for payment is personal, and does not run with the land, when it is apparent from the contract that the payment should be made to the party building the wall, and there are no words indicating that the right to receive payment shall pass to his assigns; the second class holding that the covenant runs with the land, and passes to the purchaser or assignee, when the contract evinces such intention, and where the language used is between the parties and their assigns, and the contract declares the covenant shall be perpetual, and binding upon the parties and their heirs and assigns.' "

Appellants call especial attention to this excerpt, which they quote in their brief, and insist that the agreement now under consideration falls within the first classification, in that its covenant for payment is personal only and does not run with the land. Assuming, without deciding, that their position in that regard, in the absence of further facts, would be well taken, we are nevertheless constrained to hold,

under the allegations of the complaint, that respondent is entitled to recover, and that appellants are estopped from interposing any such defense to avoid liability on their part. It is alleged in the complaint that Maxey and wife, former owners of respondent's lot, built the party wall in 1889, presumably within a brief period after the party-wall agreement was executed and recorded. The two adjoining lots were then owned by the original parties to the agreement. Thereafter the title of Maxey and wife by mesne conveyances passed to respondent, each deed of conveyance containing an express stipulation by which all rights of the grantors acquired under the party-wall agreement, were transferred to the grantees, thereby assigning to the grantees the right to collect one-half of the value of the party wall whenever it should be used by Fish and wife, the owners of the adjoining lot, or by their grantees. It also appears that appellants by mesne conveyances have acquired title to the lot formerly owned by Fish and wife, each deed in their chain of title expressly stipulating that the title conveyed was to be subject to the terms and conditions of the party-wall agreement. The manifest purpose of such a stipulation was to impose upon each successive grantee the obligation to pay the value of one-half of the party wall, if used by himself or his grantee in the construction of a building on the lot formerly owned by Fish and wife, but which is now owned by appellants. It thus appears that all parties who have acquired title to these respective lots, since the date of the party-wall agreement, have, by express stipulations incorporated in their respective deeds, succeeded to the rights and liabilities of their several grantors, and have thus caused the covenants of the original party-wall agreement to run with the land. Respondent, as assignee of Maxey and wife, succeeded to their original claim and rights, while appellants assumed the original liability of Fish and wife. Appellants, in pursuance of the party-wall agreement, have used the party wall in the construction of their building, and on the record before us

are now estopped from denying their liability to pay therefor.

Appellants contend this action cannot be maintained as the complaint does not allege that respondent has paid its last annual license fee. Section 3714, Rem. & Bal. Code, provides that every corporation having a capital stock shall pay an annual license fee. The complaint alleges that respondent is a corporation organized for fraternal purposes. It has no capital stock, is not required to pay an annual license fee, and is entitled to maintain this action.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, MORRIS, and ELLIS, JJ., concur.