[No. 10682.   Department One.   April 1, 1913.]

# E. C. SCHUMACHER *et al., Respondents,* v. JOHN J. BRAND *et al., Appellants.*[1]

WATERS AND WATER COURSES—EASEMENTS—GRANT BY IMPLICATION —IRRIGATION DITCH. Where the owner of irrigated land sold part of the tract, after he and his predecessors in interest had created and continuously used a ditch across the land retained, which was reasonably necessary for the beneficial use and enjoyment of the land sold as an outlet for waste water accruing from the irrigation thereof, the grantees take an easement in the land retained for the maintenance of the ditch, as located at the time of their conveyance.

SAME — ABANDONMENT — INTENTION — EVIDENCE — SUFFICIENCY. Abandonment of a waste ditch to carry off surplus water in irrigating land is a matter of intention, and is not shown by the fact that the owners of the dominant estate permitted the owners of the servient estate to temporarily change the course of the ditch for a period of two or three years, the changed location still subserving the purposes of a waste ditch.

SAME. An easement in the maintenance of a ditch for irrigation is not lost by the fact that other parties were allowed to make use of it.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered February 20, 1912, upon findings in favor of the plaintiffs, in an action for an injunction. Affirmed.

*W. A. Funk,* for appellants.

*Luhman & Clark,* for respondents.

GOSE, J.—The plaintiffs seek to enjoin the defendants from obstructing or otherwise interfering with an alleged waste ditch across the land of the latter. The plaintiffs base their claim upon the ground of an implied easement. The court adjudged that the plaintiffs had an easement or right of way for the waste ditch across the defendants' premises, entering on the north side thereof, at a point "about 90 feet

[1]Reported in 130 Pac. 1145.

east of the northwest corner thereof, and running thence southwesterly across said defendants' premises, and leaving the same at a point about 90 feet south of the said northwest corner thereof;" and enjoined the defendants from interfering with the ditch. The defendants have appealed.

The appellants and the respondents each own a ten-acre tract of arid land in Yakima county. The tracts adjoin, the appellants' tract lying south of the respondents' tract. The facts found by the court, material to a consideration of the appeal, are: That from February, 1905, to June, 1906, one Newbill and his wife were the owners of both tracts; that in June, 1906, they sold the ten-acre tract now owned by the respondents to one Arpke, retaining the remainder of said tract; that during their ownership, the Newbills irrigated and farmed the entire tract, and disposed of the waste water incident to the irrigation of the tract now owned by the respondents through the ditch described in the decree; that the ditch was constructed along a natural draw which formed a natural drain for the respondents' land; that the ditch had been used by the respondents and their predecessors in title for seventeen years last past; that it was so used when the Newbills conveyed to Arpke; that Arpke and his successors in title, including the respondents, continued to use it until it was obstructed on the 16th day of May, 1911; that the Newbills continued to own the south ten-acre tract until May, 1907, when they sold and conveyed it to the appellants; that the respondents acquired, and now hold, title through mesne conveyances from Arpke; that during their ownership they have disposed of the waste water accruing from the irrigation of their land through the ditch; that it has at all times been and "now is necessary as an outlet for the waste water accruing from the irrigation of the plaintiffs' premises and for the beneficial use and enjoyment thereof, and that the said plaintiffs have no other outlet for said waste water."

These findings are supported by a decided preponderance of the evidence except in one particular; that is, that in 1908

or 1909 the appellants changed the waste ditch, causing it to enter upon their land at the northwest corner, thence continuing along and upon the west line thereof, where it remained until the month of May, 1911, when they obstructed it, thus throwing the waste water upon the respondents' land, whereupon the respondents caused the old waste ditch to be opened. The evidence shows that the ditch followed the course found by the court at the time the appellants purchased their land; that it was plainly marked upon the ground so as to be visible to casual observation, and that it remained in use until changed by the appellants as we have stated. The respondents acquired title to their tract in the spring of 1910. The ditch is a necessary outlet for carrying off the waste water incident to the irrigation of the respondents' land. From the point where the ditch enters upon the appellants' premises it extends in a southwesterly course about a half mile, where it discharges into the Yakima river. As early as 1902 one Mahan, being then the owner of both tracts, opened the ditch across the land now owned by appellants, and used it as a waste ditch until he sold both tracts to Newbill in February, 1905.

"If the owner of land has artificially created upon the property a condition which is favorable to one portion of his property, and then sells that portion, the grantee will take it with the right to have the favorable condition continued. . . . Upon the severance of a heritage a grant will be implied of all those continuous and apparent easements which had been, in fact, used by the owner during the unity, though they had then no legal existence as easements; and a continuous easement is one to the enjoyment of which no act of the party is necessary—such as . . . a water course, whether natural or artificial. . . . The rule includes drains for closets, cesspools, and vats, as well as surface drains." 3 Farnham, Waters and Water Rights, § 831.

"All easements of whatever class which pass by implication or construction of law must not only be reasonably nec-

essary and apparent, but also permanent in their character."
14 Cyc. 1168-d.

"In some cases it is held that easements will not pass by
implication except in cases of strict necessity. But the weight
of authority sustains a rule less exacting than that of strict
and indispensable necessity, namely, that the degree of neces-
ity is such merely as renders the easement necessary for the
convenient and comfortable enjoyment of the property as it
existed when the severance was made. . . ." 14 Cyc. 1171.

The view that a reasonable necessity will support an im-
plied easement is supported by the following authorities:
*Powers v. Heffernan*, 233 Ill. 597, 84 N. E. 661, 122 Am.
St. 199, 16 L. R. A. (N. S.) 523; *German Sav. & Loan Soc.
v. Gordon*, 54 Ore. 147, 102 Pac. 736, 26 L. R. A. (N. S.)
331. Other cases hold that the controlling inquiry is whether
the easement "is beneficial to and adds to its value for use
and will continue to do so in the future." *Toothe v. Bryce*, 50
N. J. Eq. 589, 25 Atl. 182; see also note to *Rollo v. Nelson*,
26 L. R. A. (N. S.) 315 *et seq*. It is not necessary for the
purposes of this case to determine which is the better rule,
because as we have said, the record discloses that the waste
ditch is reasonably necessary to the enjoyment of the re-
spondents' estate.

The appellants contend that the respondents cannot as-
sert the right to an easement in the waste ditch, because, at
the time they purchased their land, it was not at the point
established by the decree of the court. They knew, however,
that it had been located at that point and used as a waste
ditch for years and until temporarily changed by the appel-
lants. Moreover, the appellants took title to their land as it
was when they purchased. *Toothe v. Bryce, supra.*

The appellants further insist that the right to have the
waste ditch at its present location has been lost to the re-
spondents by abandonment. Abandonment is a question of
intention. The mere fact that the owners of the dominant
estate permitted the appellants, for their own convenience,
to temporarily change the course of the ditch for the period

of two or three years, from one point on their land to another on the same tract, and so as to still subserve the purpose of a waste ditch, is far from showing an intention to abandon.

An argument is made to the effect that the respondents have lost their right to the waste ditch because other parties are using it. The question here is, what are the respondents' rights? The rights of the other parties are not before us. *Silva v. Hawn*, 10 Cal. App. 544, 102 Pac. 952. The appellants have cited authorities upon the questions of "a way of necessity," and an implied reservation of a way in favor of the grantor. It is not necessary to review these authorities. They would only confuse the issue. The courts generally hold that there is a difference between an implied reservation of an easement and the grant of an easement by implication. The distinction is put upon the ground that the former is in derogation of the deed and its covenants, and stands upon narrower ground than a grant.

Judgment is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.