[No. 10922.  Department Two.  May 7, 1913.]

MUTUAL HOME ASSOCIATION, *Appellant*, v. JOE'S BAY
TRADING COMPANY, *Respondent*.[1]

CORPORATIONS—LICENSE FEES—RIGHT OF ACTION—STATUTES—CON-
STRUCTION.  A corporation having no capital stock is not required to
pay an annual license fee as a condition precedent to bringing an
action, under Rem. & Bal. Code, § 3714, providing that every corpora-
tion incorporated under the laws of this state shall pay the following
annual license fees: "Every corporation having a capital stock, fif-
teen dollars," and § 3715, providing that no corporation shall com-
mence any suit without alleging and proving payment of its license
fee last due; since the amount of the fee for such corporation is not
fixed by law, and therefore cannot be demanded.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered November 30, 1912, upon sus-
taining a demurrer to the complaint, dismissing an action
for rent.  Reversed.

*Jas. J. Anderson*, for appellant.

*Lund & Lund*, for respondent.

MAIN, J.—This action is brought for the purpose of re-
covering the reasonable rental value of the premises owned
by the plaintiff but occupied by the defendant.

To the plaintiff's third amended complaint, a demurrer
was interposed and sustained by the trial court.  Thereupon
the plaintiff elected to stand upon its complaint and refused
to plead further.  The action was dismissed.  The appeal
follows.

The appellant, in its third amended complaint, attempts
to plead two causes of action separately stated.  It is therein
alleged that the appellant is a corporation, organized under
and by virtue of the laws of the state of Washington pro-
viding for the incorporation of benevolent, scientific, chari-
table or temperance societies; that the same is not organized

[1]Reported in 131 Pac. 1140.

for pecuniary profit; and that it has no capital stock. There is also set out in the complaint a copy of the articles of incorporation, and from an inspection it appears that nowhere in the articles is it provided that the corporation shall have a capital stock. It is not alleged, as a part of either cause of action, that the appellant has paid its annual license fee last due.

The sole point at issue here is the question whether or not a cause of action is stated in the third amended complaint without alleging the payment of the last annual license fee. If the appellant is required to pay an annual license fee before it is permitted to maintain an action, it must be by reason of a statutory requirement. Aside from statute there would be no such duty resting upon it.

By Rem. & Bal. Code, § 3714, it is provided:

"Every corporation incorporated under the laws of this state, and every foreign corporation having its articles of incorporation on file in the office of the secretary of state shall, on or before the first day of July of each and every year, pay to the secretary of state, for the use of the state, the following license fees: Every corporation having a capital stock, fifteen dollars."

And § 3715 provides:

"No corporation shall be permitted to commence or maintain any suit, action or proceeding in any court of this state, without alleging and proving that it has paid its annual license fee last due."

Section 3715 is general in its terms and provides that no corporation shall commence or maintain an action without alleging and proving the payment of the annual license fee last due. It is necessary, then, to determine the amount, if any, of the license fee fixed by statute. The section first above quoted requires that every corporation having a capital stock pay an annual license fee in the sum of fifteen dollars on or before the first day of July of each and every year. While the language of this section is broad and compre-

hensive in its opening, yet in its application it is limited by the provision which fixes the amount of the fee. There is no provision therein which fixes the amount of any annual license fee for a corporation which does not have a capital stock. In the absence of the amount of the fee being fixed in the statute, it is clear that none can be demanded. The appellant in its complaint alleges that it is organized without capital stock; and the articles, a copy of which is set out therein, confirm this allegation. These sections of the statute not being applicable to the appellant corporation, the court erred in sustaining the demurrer to the causes of action set out in the third amended complaint. *Ellensburg Lodge No. 20, Independent Order of Odd Fellows v. Collins*, 68 Wash. 94, 122 Pac. 602.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.