[No. 11914.  Department Two.  August 15, 1914.]

H. H. Cogswell *et al.*, *Appellants*, v. Morton Cogswell
*et al.*, *Respondents.*[1]

WATERS AND WATER COURSES—EASEMENTS—WATER CONDUIT—CON-
STRUCTION BY LESSEE OR DISSEISOR—SEPARATION OF ESTATE.  Where a
father and son disagreed as to the ownership of a half section of
land, occupied by the son as lessee or disseisor, and litigation en-
sued, but before trial a compromise agreement was made whereby
the son was conveyed thirty acres of the land on which the house,
barn and orchard were located, reserving to the son the right to
purchase any additional part of the land at its market value, but
failing to make reservation with reference to a conduit which the
son had constructed to convey water from a spring located on the
property retained by the father to the dwelling house and other
buildings belonging to the son, the conveyance of the thirty acres
did not operate as an implied grant of an easement in the use of
the conduit, but failure to make reservation in the settlement agree-
ment, with reference to the conduit and the water, operated as a
relinquishment of any claim to the enjoyment thereof.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered November 11, 1913, dis-
missing an action for an injunction, after a trial on the
merits to the court.  Affirmed.

*L. H. Prather*, for appellants.
*Don F. Kizer*, for respondents.

Mount, J.—This action was brought by the appellants to
enjoin the respondents from interfering with a pipe line
conveying water from a spring, on premises owned by the
respondents, to a dwelling house, barn, and outhouses on
premises owned by the appellants.  The case was tried to the
court without a jury.  At the conclusion of the trial, the
court dismissed the action.  This appeal followed.

The facts are not disputed, and are substantially as fol-
lows:  The appellant H. H. Cogswell is the son of the re-

[1]Reported in 142 Pac. 655.

spondents Morton Cogswell and wife. In the year 1894, Morton Cogswell was the owner of a half section of land in Spokane county. At that time, H. H. Cogswell and wife took possession of the land by the consent of his father. Between that time and the year 1910, he constructed valuable improvements upon a portion of the land. These improvements consisted of a dwelling house, barn, outhouses, a lawn, orchard, and other improvements. In connection with these improvements, in about the year 1906, he constructed a pipe line from a spring of water 1,500 feet distant from his dwelling house, and thereby supplied water to his dwelling house, lawn and barn from this spring.

In the year 1910, a dispute arose between the father and his son as to the ownership of the half section of land. The son claimed that it had been given to him by his father, and the father claimed that the property had never been given to the son. Litigation between the parties ensued, but, before the trial of the case, a compromise settlement was agreed upon. The substance of this settlement is stated in *Cogswell v. Cogswell*, 70 Wash. 178, 126 Pac. 431. It was, by that settlement, agreed that the father should convey to his son the thirty acres of land in dispute upon which the farm house, barn, and orchard were located, and that all the remainder of the land should belong to the father. In that settlement, a reservation was made to the effect that the son might purchase any additional land of the half section which he desired, at its market value. The contract provided the method by which the market value should be determined. That case was thereupon dismissed, and in pursuance of the agreement, the father deeded to his son the thirty acres out of the above mentioned half section. This contract was dated in November, 1910. In January, 1911, a deed for thirty acres was made by the father to his son.

The spring from which the conduit was constructed was not upon the thirty acres, but was upon the property of the father. No mention of this conduit was made in the deed or

in the contract, and no reservation thereof was made. Short-
ly thereafter, the father took up the pipe which was upon his
premises, and about two years later, this action was brought
to restrain the respondents from interfering with the conduit,
and for damages.

The appellants rely upon the following cases: *Nicholas v.
Chamberlain*, 2 Croke's K. B. Rep. 121; *United States v. Ap-
pleton*, 1 Sumner (U. S.) 492; *Hazard v. Robinson*, 3 Mason
(U. S.) 272; *Seymour v. Lewis*, 13 N. J. Eq. 439; *Coolidge
v. Hager*, 43 Vt. 9, 5 Am. Rep. 256; *New Ipswich W. L. Fac-
tory v. Batchelder*, 3 N. H. 190, 14 Am. Dec. 346; *Vermont
Central R. Co. v. Hills*, 23 Vt. 681. All of these cases are to
the effect that, where water is conveyed in an aqueduct from
a spring upon another portion of the grantor's land to
land conveyed, and there used by the grantor at the time of
the conveyance, any diversion of the water by the grantor,
although upon that portion of the land not conveyed by deed,
will be a disturbance of the right of the grantee, for which
an action may be sustained. This rule, if it applies to the
facts in this case, must govern.

But the trial court was evidently of the opinion that the
facts in this case did not come within that rule. The lead-
ing case upon the question is *Nicholas v. Chamberlain, supra.*
All the other cases above cited and relied upon by the appel-
lants refer to this case, and follow the rule there announced.
In that case it was said:

"That if one erect a house, and build a conduit thereto in
another part of his land, and convey water by pipes to the
house, and afterwards sell the house with the appurtenances,
excepting the land, or sell the land to another, reserving to
himself the house, the conduit and pipes pass with the
house; because it is necessary, *et quasi* appendant thereto;
and he shall have liberty by law to dig in the land for
amending the pipes, or making them new, as the case may
require. So it is, if a lessee for years of a house and land
erect a conduit upon the land, and, after the term determines,
the lessor occupies them together for a time, and afterwards

sells the house with the appurtenances to one, and the land to another, the vendee shall have the conduit and the pipes, and liberty to amend them. But by Popham, Chief Justice, if the lessee erect such a conduit, and afterward the lessor, during the lease, sell the house to one, and the land wherein the conduit is to another, and after the lease determines; he who hath the land wherein the conduit is, may disturb the other in the using thereof, and may break it; because it was not erected by one who had a permanent estate or inheritance, nor made one by the occupation and usage of them together by him who had the inheritance. So it is, if a disseisor of an house and land erect such a conduit, and the disseisee re-enter, not taking conusance of any such erection, nor using it, but presently after his re-entry sells the house to one, and the land to another; he who hath the land, is not compellable to suffer the other to enjoy the conduit."

It is plainly stated in that case that, where the owner of land constructs a conduit from a spring to the house, and thereafter sells the house with the land, the conduit passes as an appurtenant to the house. But if a lessee or a disseisor constructs the conduit, upon the termination of his lease, or the termination of his possession, the conduit does not pass as an appurtenant when the owner does not use or take cognizance of the conduit.

In the case of *Schumacher v. Brand,* 72 Wash. 543, 130 Pac. 1145, we followed the first rule stated in the *Chamberlain* case, *supra,* and quoted from 3 Farnham, Waters and Water Rights, § 831, as follows:

"If the owner of land has artificially created upon the property a condition which is favorable to one portion of his property, and then sells that portion, the grantee will take it with the right to have the favorable condition continued. . . . Upon the severance of a heritage a grant will be implied of all those continuous and apparent easements which had been, in fact, used by the owner during the unity . . ."

The undisputed facts in this case show that the appellant H. H. Cogswell was in possession of this property, either as

lessee or disseisor, when the conduit was constructed. He constructed the conduit from the spring to his buildings. His father, who was the owner of the fee, simply permitted the use, and did not thereafter obtain possession of the house or farm, or use the water in connection therewith. After this conduit was constructed, the appellants made a claim of ownership of all the land. The respondents contested that claim. A settlement of that dispute was had. The thirty acres upon which the appellants had made improvements was granted to the appellants. The balance of the land, including the spring of water, was granted to the respondents. The appellants reserved the right upon that settlement to purchase any part of the land not given to them, within a limited period. This was the only reservation in the settlement. If the appellants had desired to reserve this appurtenant to themselves, they should have done so upon that settlement. They did not make the reservation.

The rule is stated in 14 Cyc. 1171, as follows:

"As regards implied reservations of easements the matter stands on principle in a position very different from implied grants. If the grantor intends to reserve any right over the tenement granted it is his duty to reserve it expressly in the grant. To say that a grantor reserves to himself in entirety that which may be beneficial to him, but which may be most injurious to his grantee, is quite contrary to the principle upon which an implied grant depends, which is that a grantor shall not derogate from or render less effectual his grant or render that which he has granted less beneficial to his grantee. Accordingly where there is a grant of land with full covenants of warranty without express reservation of easements, the best considered cases hold that there can be no reservation by implication, unless the easement is strictly one of necessity . . ."

The contract of settlement of the litigation in 1910 by which the appellants received thirty acres of land, must determine the rights of the parties. At that time, the appel-

lants, in effect and substance, released their claim to the half section of land owned by the respondents and took the thirty acres which was afterwards conveyed to them. Not having made any reservation with reference to the conduit and the water, but having made a reservation that they could purchase from the father what additional land they desired at the market value, they must now be held to have relinquished all claims to any part of the lands relinquished to the respondents, except such as was expressly reserved. We think the facts in this case bring it within the rule stated in the *Chamberlain* case, *supra*, to the effect that, if the lessee or disseisor erects a conduit and afterwards the lessor or disseisee reenters not taking cognizance of such erection, nor using it, he is not compellable to suffer another to enjoy the conduit.

We are of the opinion, therefore, that the judgment of the trial court was right, and it is affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.