[No. 12785.    Department One.    April 6, 1915.]

M. W. PHILIPS *et al.*, *Respondents*, v. W. E. COUMBE *et al.*, *Appellants*.[1]

WATERS AND WATER COURSES—EASEMENTS—PRESCRIPTIVE RIGHT—ABANDONMENT—EVIDENCE—SUFFICIENCY.  A prescriptive right for the flow of waste water from irrigated lands cannot be claimed, where, by a preponderance of the evidence, it appears that the waste ditch had been abandoned for eleven years by defendant's predecessors before he purchased, and as often as it was opened by defendant it was closed by the plaintiffs.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered November 28, 1914, upon findings in favor of the plaintiffs, in an action for an injunction and damages.. Affirmed.

*Clark & Lockhart* and *Edward C. Coumbe*, for appellants.
*Parker & Holden*, for respondents.

ELLIS, J.—Action to enjoin defendants from discharging waste irrigation water from their lands into a certain waste ditch running across plaintiffs' land, and for damages.

The lands involved all lie in the northeast quarter of section 13, township 13, range 18 east, W. M., in Yakima county.  In August, 1883, this quarter section was conveyed by United States patent to one William D. Beck.  In June, 1887, Beck sold and conveyed to Philena W. Thorp fifty-four

[1]Reported in 156 Pac. 535.

acres, more or less, embracing the lands now owned by both parties to the present controversy. In 1888, Mrs. Thorp and her husband sold and conveyed to one Hall the land now owned by plaintiffs which we shall designate as the Philips tract. Through various mesne conveyances, and by deed from one Hillis in December, 1901, the title to this tract became vested in one George A. Petty, who conveyed it to plaintiffs on January 2, 1908.

In January, 1889, the Thorps conveyed all the lands now owned by the defendants, which we shall designate as the Coumbe tract, to one John J. Backer, who held the south ten acres until December, 1899. Through mesne conveyances, title to this south ten acres of the Coumbe tract passed to one Inman in 1906, who, on June 4, 1907, conveyed this south ten acres to defendants.

In February, 1889, Backer conveyed the north three acres of the Coumbe tract to Catherine Fintel. Title to the three acres passed from Mrs. Fintel and husband by mesne conveyances and by deed from one Foskey to defendants on August 17, 1908.

The Coumbe tract of thirteen acres lies on the west side of the Selah highway; the Philips tract of ten acres, on the east side. All of the land is, and long has been, irrigated by a common ditch running from a main ditch and passing along the south side of the Coumbe tract to the southwest corner of the Philips tract. Both tracts are irrigated from west to east by means of ditches running from this common ditch along the west side of each tract respectively. The waste ditch in question runs from a point on the Selah highway near the northwest corner of the Philips tract easterly across the north end of that tract to the old Yakima City waste ditch. So far as a thing so remote can be established, the evidence shows that, from the time this land was first occupied and so long as it remained in common ownership, first of Beck, then of the Thorps, it was, so far as irrigated at all, irrigated from west to east and the waste from the land west

of the road was allowed to flow in some way across the land
east of the road. It doubtless entered at the northwest cor-
ner near where the present waste ditch starts, since the land
and the highway there are low. For a large part of that
time and much of the time since, there was a wooden culvert
across the road at that point. From the time of the sever-
ance of the common ownership of these tracts by the convey-
ance from the Thorps in 1888 of the Philips tract to Hall, the
evidence as to when, by whom, and to what.extent this waste
ditch was used by the various owners of the Coumbe tract is
conflicting and much confused. There are, however, some
features so salient and certain as in our opinion to be con-
trolling. To these we shall advert in our discussion.

The court found that, since April, 1914, the defendants,
wrongfully and without right, have discharged and permitted
to flow upon plaintiffs' land quantities of waste water and
are threatening to continue so to do; but that plaintiffs had
already suffered only nominal damages. The court con-
cluded, as a matter of law, that a perpetual injunction should
issue. Decree went accordingly. Defendants appeal.

The appellants claim a right of easement to use this ditch
either (1) by an implied grant or reservation resulting in
favor of the Coumbe tract when the common owner, Thorp,
conveyed the Philips tract and retained the Coumbe tract;
or (2) by prescriptive use.

The first claim is based largely upon our decision in *Schu-
macher v. Brand*, 72 Wash. 543, 130 Pac. 1145. But the
facts in that case are the converse of those here presented.
There the dominant estate was first conveyed, the grantor re-
taining the servient tenement. Where, as here, the servient
estate is first conveyed, whether or not there can be an im-
plied reservation of an easement therein in favor of the land
retained by the grantor in the face of his absolute deed is a
much mooted question. 3 Farnham, Water & Water Rights,
§ 832. We find it unnecessary to decide it here.

Even assuming an implied reservation of the easement in favor of appellants' land on' the severance of the ownership in 1888, we are convinced that the easement no longer exists. We shall not discuss the evidence further than to say that we are satisfied that, during the period of nearly eleven years, when Backer owned the south ten acres of the Coumbe tract, none of his waste water ran through this ditch. He had little or no waste water and did not know of the existence of the ditch here involved. He so testified, and it is clear that, if there ever existed an easement in favor of this land, it was abandoned during the period of his ownership. The west end of the ditch was closed and sodded over when the respondents purchased their land and the old wooden culvert across the highway was not then in existence. Respondent Philips so testified, and is corroborated by Petty, who owned the Philips tract from 1901 to 1908. Petty, in 1905 or 1906, filled the northwest corner of this tract to a depth of several inches and blocked the west end of the ditch completely by a dam. Whatever waste water there was from the Coumbe land then flowed over onto the Miller land to the north of the Philips tract. Petty so testified, and while he is contradicted by some of the witnesses, we are satisfied, that during Petty's ownership of this land, there was no serious claim on the part of the owners of any of the Coumbe land of an easement in the ditch in question. The evidence is clear that, after Coumbe purchased his land, he several times opened the west end of the waste ditch, and it is just as clear that, as often as he did so, the respondents closed it. In 1911, the county improved the highway, filling it and putting in a concrete culvert opposite the ditch, but so high that no waste water from any of appellants' land would flow through it. This condition continued during the years 1912 and 1913. In 1914, appellant built a flume to raise his waste water to this culvert and again opened the embankment at the west end of the ditch, thus precipitating this suit.

As we read the evidence, and we have read it all and considered it all, it strongly preponderates in favor of the view that, if there ever was an easement, it was abandoned by appellants' predecessors in title long before they purchased the land. The claim of a prescriptive right is wholly untenable. We are clear that, whatever use has been made of this ditch by the owners of the Coumbe tract has been merely permissive, interrupted for years at a time, and never exercised for the prescriptive period at any time.

The evidence will not warrant a reversal. The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.