[No. 13104.   Department Two.   April 1, 1916.]

ANNA M. DAVISON, *Appellant*, v. COLUMBIA LODGE No. 8,
KNIGHTS OF PYTHIAS, *Respondent.*[1]

EASEMENTS—ESTABLISHMENT—ADVERSE USE—NOTORIETY.   There
is no right by adverse use to maintain a city service water pipe
across the land of another where the same was put down and used
without the knowledge of the owner of the land, there being noth-
ing to indicate its presence.

Appeal from a judgment of the superior court for Walla
Walla county, Mills, J., entered May 21, 1915, in favor of
the defendant, dismissing an action for an injunction, tried
to the court.   Affirmed.

*J. W. Brooks*, for appellant.

*Rader & Barker*, for respondent.

BAUSMAN, J.—One Smith owned a lot fronting upon a city
street.   The front half he sold to respondent's grantor and,
before he sold the rear half to appellant, he laid in the front
half a line of pipe from the city water main to the rear half.
In the next year he sold this half to appellant.   After that
sale, his grantee of the front half sold that portion to the re-
spondent.   All these conveyances were without mention of
the pipe and without reservation concerning it.   Except as
it may have been visible at the time it was put in, it has ever
since been invisible and its use unknown, though, during more
than ten years, the appellant occupying the rear half has
been using the city water through it.

We do not have to do here with the question of easement by
what is called implication of necessity, because it happens
that, at slightly increased expense, the occupant of the rear
half can obtain service of water through an alley.   Nor have
we to do with the question of implied grants and implied

[1]Reported in 154 Pac. 383.

reservations, for, at the time of the conveyance to respondent's grantor of the front half, there was no service or pipe to the rear half. Before that time, the original owner of both had been serving his rear half from a pipe in a dwelling upon the front half, which practice, when he sold the rear half, the city forbade, requiring him to install the additional and now contested line. We have, accordingly, to discuss only the rights acquired by adverse user.

As for the period of user, that is long enough, but as to notoriety, the testimony is unanimous that nobody in the line of the servient title ever was aware of this pipe. The first grantee, respondent's grantor, did not occupy the premises before the laying of this direct pipe and never knew of it. Nobody else was aware of it until, in preparing foundations just before the commencement of this suit, the respondent uncovered it. Nor can we attach consequence to the fact that the rear occupant was a public user of water in the city records.

Those who hope to establish rights over other people's lands without contract must establish those claims by such open uses or assertions as give the other party an opportunity or duty to deny them. *Peoples Sav. Bank v. Bufford,* *ante* p. 204, 155 Pac. 1068. Such cases as *Cogswell v. Cogswell,* 81 Wash. 315, 142 Pac. 655, involving easements existing before severance of an estate, have no application here.

Judgment affirmed.

MORRIS, C. J., MAIN, PARKER, and HOLCOMB, JJ., concur.