[No. 20399.    Department Two.    April 19, 1927.]

EUGENE W. BELL, *as Executor of the Estate of Leon-*
*tine C. Briggs, Deceased, Appellant,* v. GARA
FRAXA COMPANY, *Respondent.*[1]

[1] PARTY WALLS (2)—AGREEMENTS—CONSTRUCTION OF CONTRACT—
RIGHTS OF PURCHASER.  A party wall agreement providing that
the covenants shall run with the land, and that the user of
the wall was to pay the builder one-half of the cost when used,
does not prevent the builder, on selling his lots, from reserving
all rights to the wall under the party wall agreement, and
entitles him to recover one-half of the cost of the wall, when
used by the owner of the adjoining lot.

Appeal from a judgment of the superior court for
Spokane county, Witt, J., entered June 4, 1926, dis-
missing an action to recover the value of a party wall,
upon sustaining a demurrer to the complaint. Reversed.

*R. L. Campbell* and *Bell, McNeil & Bowles,* for appel-
lant.

*Ernest E. Sargeant (George D. Ayers,* of counsel),
for respondent.

ASKREN, J.—In 1909, Leontine Briggs and Robert
Briggs, husband and wife, and both now deceased, were
the owners of lot 6, block 33, Railroad Addition to
Spokane. At the same time, one Gardner and wife were
the purchasers under a conditional sale contract of the
adjoining lot 5.  Briggs and wife, being desirous of
building on a portion of said lot, entered into a party
wall agreement with the Gardners.  It was drawn with
much detail, but none of its provisions need be set out
here save the following:

"It is further agreed between said parties, for them-
selves, their respective heirs, and assigns, that this

[1]Reported in 255 Pac. 144.

agreement shall at all times be construed as a covenant running with the land and that no part of the fee of the soil upon which the wall is to stand shall pass to or be invested from either party to the other, or their respective heirs or assigns."

The Briggs constructed a party wall on lot 6, as contemplated by the agreement. Thereafter the title to lot 5 became vested in the Gardners and one Engdahl and wife, who in 1915 transferred the title to the defendant herein.

In 1919, the defendant constructed a brick garage and used a portion of the party wall that had been erected by the Briggs in 1909. In 1910, Briggs and wife sold lot 6 to one Thomas, but reserved by separate instrument all of their rights in and to the party wall agreement made in 1909.

In 1925, this action was begun by the plaintiff, as executor of the Briggs estate, to recover from the defendant the value of the party wall used by it when it constructed the garage in 1919.

The defendant demurred to the complaint, and the demurrer being sustained, the plaintiff refused to further plead, and a judgment was entered dismissing the action. This appeal followed.

[1] The question of whether party wall agreements run with the land, or are personal, is not a new one in this court. In *Hoffman v. Dickson,* 47 Wash. 431, 92 Pac. 272, 93 Pac. 523, 125 Am. St. 907, 15 Ann. Cas. 173, the point was elaborately presented and discussed and it was there decided that an agreement somewhat similar to the one here in question was a covenant running with the land. Again in *Sandberg v. Rowland,* 51 Wash. 7, 97 Pac. 1087, 130 Am. St. 1077, the same point being raised, we reaffirmed the doctrine of the *Hoffman v. Dickson* case, *supra,* and required payment by the

defendants to the then owners of the adjoining lot, although they had previously paid their share to the original builder of the party wall, the grantee of the plaintiff.

The distinction between that case and this one is that here the appellants, by a separate instrument, reserved their rights to compensation when they sold to Thomas. But respondent claims the rights of appellant are controlled by the decision in *Hoffman v. Dickson, supra.* We are unable to so conclude. The facts in that case were that the buyer of two lots, each of which was bounded on one side by a party wall, erected under a party wall agreement whereby the user of the party wall was to pay the builder one-half of the cost thereof, sought to compel the seller to discharge the lien for the party wall to the builders. We upheld the action of the trial court in refusing to compel the seller to so do on two grounds: First, that the amount would not become due until use was made thereof, and second, that the amount, when due, would be payable only to the then owners of the adjoining lots, and not to the original builder, unless they still retained title. We there said:

"It is the contention of respondents that the payment by them to the then owners, of the adjoining lots, of one-half the cost of the walls, would not have removed the liens. It will be remembered that the contracts both provide that the benefits and burdens of the covenants contained in them shall annex to and run with the land so long as the respective walls continue to exist, and shall bind the heirs, legal representatives, and assigns of the respective parties. Respondents urge that, under the authorities, when such contracts are made so as to require the benefits and burdens created thereby to annex to and run with the land, the right to receive payment for the one-half of the cost of the party wall belongs only to the owner of the wall at the time it is

used by the adjoining owner, at which time only can payment be made. If that theory of the law applicable to these contracts is correct, then the holding of the trial court is correct. These walls have not been used by the adjoining owner. If these appellants become the adjoining owners, it is not known when they or their grantees will use the walls, if ever. It cannot now be known whether the present owners of the walls will be the owners when the walls shall be used. If they shall not, and if the lien can be satisfied by payment only to those who shall then own the walls, it is manifest that the respondents cannot now remove the liens."

However, a consideration of the above cited case convinces us that the decision was too broad. The result was no doubt correct, and the basis for the decision should have been the first ground stated, to wit: that the payment for half the cost of the party wall was not due under the agreement until use was sought to be made of it, and since (in the words of the opinion) "it is not known when they or their grantees will use the wall, if ever," there was not such a lien as was required to be removed by the seller in order to pass good title.

The other ground stated—that the lien could not be removed by payment to the present owner of the party wall—we think is incorrect. We have been unable to find any case where reservation of the right to require payment for a party wall when used has been made by the builder or any subsequent grantor. But we see no reason why this may not be done. All the cited cases seem to turn upon the question of whether a general warranty deed transfers the right to receive payment for the wall when used, or whether the rights are purely personal and do not pass by deed. Our decisions indicate the two prevailing views. But, as we see it, these cases do not in anywise infringe upon the right of a grantor to reserve the payments to himself, if he so provides when he sells to his grantee. A

grantor may sell as much or as little of his fee as he sees fit. It is a matter of contract between him and his grantee. If he does not see fit to reserve his right under the party wall agreement it passes. If he does reserve it does not pass.

The judgment is reversed.

MACKINTOSH, C. J., TOLMAN, and PARKER, JJ., concur.