[No. 31386. Department Two. June 23, 1950.]

BEATRICE WREGGITT, *Respondent,* v. HOWARD J. PORTERFIELD *et al., Appellants.*[1]

Robert B. Porterfield, for appellants.

S. Edelstein and Fielding H. Ficklen, for respondent.

MALLERY, J.—Plaintiff Wreggitt and the defendants Porterfield own adjoining properties on the south side of Third avenue, in the city of Spokane. The parties agreed by stipulation, in the trial court, that, as of August, 1898, there was unity of title to both parcels in the Northwestern and Pacific Hypotheekbank. In 1897, a sewer permit had issued to the bank for the purpose of a connection from the city sewer on Third avenue to a house on the lot that is now owned by the defendants. No mention was made of the house now owned by the plaintiff. In May, 1908, the parents of the defendants acquired title to lot 4, and the west fourteen feet of lot 5, which is to the east of lot 4. This property descended to the defendants in about 1941. The remaining portion of lot 5 was acquired by the plaintiff in June, 1926, from one Gruener. No other chain of title is shown. Toward the rear

[1]Reported in 219 P. (2d) 589.

of the properties, and about twenty-five feet southwest of the plaintiff's house, was a structure enclosing two outhouses. A partition on the property line divided the building into an outhouse for each property. Use of the plaintiff's outhouse, as such, terminated sometime prior to her acquiring title, and it was used by her as a storehouse. In March, 1948, the defendants commenced clearing and filling their property, and in the course of this work a pipe, buried in the ground, was uncovered. This pipe was severed and capped with a bucket before filling in that area. The pipe came from the east, or from the direction of the plaintiff's property. It subsequently developed that this pipe was part of a common sewer line that ran from the plaintiff's home, connected to a drain at the outhouse, and thence to the city sewer through the defendants property. This line was evidently an extension of the sewer that had originally drained the house on the defendants' land. In April, 1949, the plaintiff discovered that sewage was backing up, both into her outhouse, through a soil pipe, and in her bathroom and sink facilities. Digging and plumbing inspection revealed that the sewer connection had, in fact, existed. Previous to this neither of the parties were aware of the common sewer system. Demand was made upon the defendants to restore the connection, but they refused, and this action was brought to recover damages for the cost of a direct line, which has been installed, from the plaintiff's house to the city sewer.

The plaintiff based her claim upon the existence of an implied grant of easement, and the trial court rendered its decision for her on that doctrine. The defendants appeal, contending that the trial court erred in finding that there was an implied grant of easement, and further, that it erred in finding that there was an open, continuous, and apparent user.

In order to establish an easement by implication, one must prove three essentials. They are, generally, (1) unity of title and subsequent separation by grant of the *dominant* tenement, (2) apparent and continuous user, and (3) the

easement must be reasonably necessary to the proper enjoyment of the dominant tenement. *Rogers v. Cation,* 9 Wn. (2d) 369, 115 P. (2d) 702; *Evich v. Kovacevich,* 33 Wn. (2d) 151, 204 P. (2d) 839.

All that can be ascertained from the record is that the servient tenement was severed in 1908, and that the dominant tenement was severed sometime prior to 1926. It is at once apparent that, while there was unity of title, it was the *servient* tenement that was separated first, and not the dominant tenement. Thus, the first essential to an easement by implication is missing.

There is a well-recognized distinction between an implied grant and an implied reservation, and this has been recognized in Washington. See *Schumacher v. Brand,* 72 Wash. 543, 130 Pac. 1145; *Cogswell v. Cogswell,* 81 Wash. 315, 142 Pac. 655. In the case of severance of the servient estate, an easement will, ordinarily, not be reserved since the grantor cannot derogate from his own grant. See 1 Thompson on Real Property (Perm. ed.) 633, § 391. If the dominant estate is severed first, all such continuous and apparent quasi easements, as are reasonably necessary to the enjoyment of the property, will pass to the grantee.

The sewer was invisible and its existence was unknown to the parties, so the second essential is also missing. *Davison v. Columbia Lodge No. 8, Knights of Pythias,* 90 Wash. 461, 156 Pac. 383. The case of *Berlin v. Robbins,* 180 Wash. 176, 38 P. (2d) 1047, is not in point, for the reason that there was nothing to put an experienced plumber upon notice of the existence of a sewer connection through the appellants' land. As was well stated in the appellants' brief, "Outhouses are generally identified with *lack* of sewer facilities."

In order to give rise to the presumption of a reservation of an existing easement or quasi easement, where the deed is silent upon the subject, the necessity must be of such a nature as to leave no room for doubt of the intention of the parties. This necessity cannot be deemed to exist if a similar privilege can be secured by reasonable trouble and expense.

See *Wiesel v. Smira,* 49 R. I. 246, 142 Atl. 148; 58 A. L. R. 818, 837, 838. We are satisfied that such necessity does not exist. From the foregoing, it is apparent that the third and last of the three essentials to an implied grant of easement by implication is lacking.

The judgment is reversed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.