[No. 15766.   Department One.   August 3, 1920.]

E. J. BAILEY *et al., Respondents,* v.
ELLEN M. HENNESSEY, *Appellant.*[1]

EASEMENTS (12)—IMPLIED EASEMENTS—CREATION. The essentials of an easement by implication are (1) a separation of title; (2) a permanent use before separation impressed upon one part of the estate in favor of the other; which (3) shall be necessary to the beneficial enjoyment of such part.

SAME. The necessity for an easement by implication is such reasonable necessity as renders the easement essential to the convenient or comfortable enjoyment of the property as it existed before severance of title.

EASEMENTS (12, 13)—IMPLIED EASEMENTS—EVIDENCE—SUFFICIENCY. An implied easement in the right to the use of an alley-way by the owner of a building engaged in the feed business is sufficiently shown by evidence that the common grantor of the adjoining lots erected buildings upon the lots with a view of using the alley-way provided in the rear, that such use was intended to be of permanent character and was notorious and plainly visible, that the alley-way was so used for fourteen years and was necessary to the beneficial enjoyment of the property.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered October 11, 1919,

[1]Reported in 191 Pac. 863.

upon findings in favor of the plaintiff, in an action to enjoin the obstruction of an easement, tried ·to the court.   Affirmed.

*Leo McCarty* and *Homer L. Post,* for appellant.

*E. J. Doyle,* for respondents.

MACKINTOSH, J.—The facts in this case as they are disclosed by the record can be no better stated than they are in the findings of the trial judge, and we will therefore quote findings numbers four to fifteen, inclusive:

"IV.   That on February 13, 1902, Nellie S. Ramsey became the owner of lot one (1), block nine (9), Clarkston, Asotin county, state of Washington.

"V.   That prior to March 22, 1904, she erected on said lot, facing Sycamore street on the south line of said lot, two store buildings and a hotel each of which buildings extended back to within ten feet of the north boundary line of said lot, leaving a ten-foot alley or driveway along the entire north boundary line of said lot;

"VI.   That on and prior to March 22, 1904, this ten-foot strip was used by the lessees and occupants of said building and the owner as a driveway to reach the rear of said buildings and in the unloading of merchandise and furniture at the back. entrance of said buildings.

"VII.   That said buildings were erected with regular store and front entrances on Sycamore street, and that said store buildings were erected with rear doors and platforms with reference to said ten-foot alley way, and that the floors of said buildings were constructed for the use of the entrances on Sycamore street, as store entrances, and the entrances on the alley for receiving and unloading merchandise and furniture from said store buildings.

"VIII.   That said driveway was apparent and obvious and has been continually used from the time that the first building was erected, up and to October 3,

1918, when the defendant constructed a fence and obstruction across said alley way, immediately following which this action was instituted to restrain the defendant from interfering with the use of said alley way as such alley.

"IX. That said driveway is necessary for the convenient and comfortable enjoyment of said store buildings as they existed on and prior to March 22, 1904, and has continued as necessary for the convenient and comfortable enjoyment of the same ever since said time.

"X. That on March 22, 1904, the said Nellie S. Ramsey deeded the east forty feet of lot one (1), block nine (9), Clarkston, to William McCarroll, the predecessor in title to the plaintiffs in this action.

"XI. That on October, 1908, said Nellie S. Ramsey deeded the west 87½ feet of said lot one (1), being the remainder of said lot, to J. E. Hennessey, the predecessor in title to the defendant in this action.

"XII. That since some time prior to March 22, 1904, and up to October 3, 1918, said driveway was continuously used by the plaintiffs and their predecessors in interest as such driveway, and was at all times necessary to the convenient and comfortable use and enjoyment of the said buildings.

"XIII. That on October 3, 1916, the defendant obstructed said driveway by building across the same, and has since continued to obstruct the same.

"XIV. That for fourteen years prior to the obstruction of said driveway the plaintiffs and their predecessors in interest have openly used and continuously used the said driveway in loading and unloading merchandise and furniture at the rear entrance of said building and hauling such goods by such conveyances out of said buildings through said alley.

"XV. That since the erection of said buildings all of said buildings have been used as store and business buildings."

The court having entered a decree in conformity with the prayer of the complaint that the respondents have the use of the alley way, and that the appellant be

forever enjoined and restrained from placing any obstructions therein, or preventing the free use thereof, the defendant has appealed.

Much of the discussion in the briefs and oral argument of the appellant can be disposed of if we first clearly establish in our minds exactly what is being contended for in this action. This is not an action claiming a private way of necessity, nor is it an action seeking to establish a public way by open, notorious and continued public use for over seven years, nor is it an action to establish a private easement by prescription; but it is a claim by the respondents of a right to use this alley way as an easement "necessary for the convenient and comfortable enjoyment of the property as it existed when the severance was made," and that the common owner, in 1904, erected buildings on the entire lot then owned by her with reference to the use of this disputed strip as an alley, the buildings having been constructed so that they would require a complete lowering of all the floors if the alley could not be used, and thereafter sold the buildings with the use of the alley as an inducement entering into the sale, and as an advantage connected with the property sold; that thereby an easement had been created of which the plaintiffs can assert the benefit. In other words, we are here dealing with only an easement by implication, to which rules of law different from those of easement by prescription, or public easements or private rights of way of necessity, are applicable.

Easements by implication arise where property has been held in a unified title, and during such time an open and notorious servitude has apparently been impressed upon one part of the estate in favor of another part, and such servitude, at the time that the unity of title has been dissolved by a division of the property

or a severance of the title, has been in use and is reasonably necessary for the fair enjoyment of the portion benefited by such use.  The rule, then, is, that upon such severance, there arises, by implication of law, a grant of the right to continue such use.

In determining whether the facts of a particular case bring it within the application of this rule, it is necessary to determine the extent of the use, the character, and the surroundings of the property, the relationship of the parts separated to each other, and the reason for giving such construction to the conveyances as will make them effective according to what must have been the real intent of the parties, the foundation of the rule being that there shall be held to have been included in the conveyances all the rights and privileges which were incident and necessary to the reasonable enjoyment of the thing granted, practically in the same condition in which the entire property was received from the grantor.

Some courts have said that these easements are granted on the principle of estoppel; that is, that the grantor cannot derogate from his own grant.  Other courts have based the right upon the presumption that the parties have made and received the conveyance having in view the condition of the property as it actually was at the time of the sale, and that therefore neither, without the consent of the other, can change the open and apparent conditions to the detriment of the other.  *Cogswell v. Cogswell,* 81 Wash. 315, 142 Pac. 655; 3 Farnham, Waters and Water Rights, § 831.

" 'If the owner of land has artificially created upon the property a condition which is favorable to one portion of his property, and then sells that portion, the grantee will take it with the right to have that favorable condition continued. . . .  Upon the severance of the heritage a grant will be implied of all those con-

tinuous and apparent easements which had in fact been used by the owner during the unity. . . .' " *Nicholas v. Chamberlain,* 2 Crokes, K. B. 121.

Three things are regarded as essential to create an easement by implication; first, "a separation of the title; second, that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and, third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained." 9 R. C. L. 757.

Examining the testimony in this case to determine whether these three requirements have been met, we find, first, that there was a unity of title. In 1902 Mrs. Ramsey acquired title to what are now the dominant and servient tenements. In 1904 she conveyed a portion which is now the property of the respondents, and in 1908 conveyed the balance, which is the property of the appellant; second, that Mrs. Ramsey, during her ownership, erected buildings upon both portions of the property; their erection being with a view to the use of the alley way, and the testimony shows that such use could not have been intended as a temporary convenience, but that the servitude impressed was intended to be of a permanent character, and was notorious and plainly visible. From this the court has the right to determine that Mrs. Ramsey intended the servitude to be preserved, and it was evidently necessary to the convenient enjoyment of the property. The evidence also discloses that this had been continuous from 1904 until 1918. Third, the evidence discloses that the easement is necessary to the beneficial enjoyment of the lands granted. Though the courts are not unanimous, the majority rule is that the necessity need

not be a strict necessity but need only be a reasonable necessity, and that degree of necessity is sufficient which merely renders the easement essential to the convenient or comfortable enjoyment of the property as it existed when the severance took place.

We have not heretofore been called upon to determine, in questions of easements by implication, what degree of necessity is required, but the question has arisen in cases involving other sorts of easements, and we have adopted the interpretation just stated, and there is no reason why a stricter one should be applied in cases of this nature. *Schumacher v. Brand,* 72 Wash. 543, 130 Pac. 1145; *State ex rel. Mountain Timber Co. v. Superior Court,* 77 Wash. 585, 137 Pac. 994; *State ex rel. Stephens v. Superior Court,* 111 Wash. 205, 190 Pac. 234, and cases there cited.

We have held that a right of way by implication arises only from necessity and never from convenience, but have not established heretofore the measure of such necessity. *Jemo v. Tourist Hotel Co.,* 55 Wash. 595, 104 Pac. 820, 19 Ann. Cas. 1199, 30 L. R. A. (N. S.) 926; *Roe v. Walsh,* 76 Wash. 148, 135 Pac. 1031, 136 Pac. 1146.

The testimony shows that the business of respondents cannot properly be carried on by using the sidewalk in front for the purpose of taking in and out hay, grain and feed (the respondents being engaged in that line of business); that the buildings were not so constructed as to permit of proper ingress and egress through the front entrance for trucking; that, if respondents were compelled to use the front entrance, they would be handicapped in their dealings with the public; that the buildings can be conveniently used only by a rear entrance, and were constructed for the purpose of using the alley way in connection with such

entrance and that closing the alley way would result in a detriment to the public and a depreciation of the value of the building; and that it is essential to the respondents' business to have certain facilities for carrying it on, and that a rear entrance is one of those facilities.

Under all the testimony, it is clear that a reasonable necessity exists for the perpetuation of a condition existing at the time of the severance of the estate and which has been in continuous, open and apparent use, and acquiesced in by all parties interested for a long term of years.

The facts of the case bring it within the requirements of the rule we have stated, and the trial court was correct in determining that an easement by implication existed and was impressed upon the servient tenement owned by the appellant.

The judgment and decree will be affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.