## EPERJESI v DRASKOVICH

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 14, 1933

Theodore Johnson, Youngstown, for plaintiff.
A. T. Kryzan, Youngstown, for defendant.

POLLOCK, J.

There is in the rear of this property what is called Mogg Court, and prior to Mogg Court and probably at the time that the plaintiff purchased the property there was some opening in the rear of this lot, called by a different name. The defendant claims, and it is not denied, that there has been some use of what is called Mogg Court to come into at least a rear house on the part owned by the defendant, and possibly there is some evidence that this Mogg Court has been used to some extent since the defendant purchased it for ingress to plaintiff's property. Whether Mogg Court is a public highway or street in this city we have not been able to determine, but anyway it has been used in that way by at least the parties who lived in the rear house on the defendant's lot.

At the time plaintiff purchased this lot there was then no used way to enter this lot, or enter the part of the property purchased by plaintiff, except this claimed driveway. At the rear of this lot there was a fence, and from these facts it is claimed that the plaintiff has a right to this driveway by implied grant or implication, while on the other hand the defendant is claiming that if plaintiff has an outlet on Mogg Court that he does not have a right by implication or by implied grant.

The Supreme Court of this state has had somewhat similar questions before it. We will not take time to refer to all the cases, but in the recent case of **Frate v Rimenik, 115 Oh St, 11,** in the second proposition of the syllabus it is said:

"Easements and servitudes created by a common owner of lands, which are plainly visible and from the character of which it may be fairly presumed that he intended their preservation as necessary to the proper, convenient and reasonable enjoyment of the property, become, when the lands are divided and pass into other hands, permanent appurtenances thereto, and neither the owner of the dominant or of the servient portions of the land has power to adversely interfere with their proper use and enjoyment."

The same proposition was before the court in a more recent case, **Ciski v Wentworth et, 122 Oh St, 487,** where the first proposition of the syllabus reads:

"While implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves, the same may arise when the following elements appear: (1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only."

The above are the propositions laid down that are necessary, first the severance of the unity of ownership in an estate, and that occurs in this case. Second, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent, and Connelly claims he commenced to use this driveway and continued shortly after he purchased this property, which was in 1868 or 1867. Third, that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained, and that can not be denied in this case, even granting that plaintiff has a way into the rear of this lot. They have no other driveway from the street on which it fronts into the lot. Fourth, and the servitude shall be continuous.

The Supreme Court refer in the opinion to easements by implication, and they quote from the case of Bailey v Hennessy, 112 Wash., 45. That is on page 495 of the opinion, and again they refer to it on the next page, citing a number of authorities to sustain the proposition. The defendants, as we have said, claimed there is another way and that the way by implied grant only continues where it is an absolute necessity.

There is some difference in the holdings of the several courts of this country on that question, but we think that a way by implied grant need not be an absolute necessity. If it is necessary for the convenient use and enjoyment of the property is all that is required.

In the annotations in 34 A.L.R., 233, and also in 19 C.J., 914, will be found a discussion of the subject and citations, and especially in A.L.R., in which it appears that courts are agreed on this question, but we think from the decision of the Supreme Court of this state in the two cases which we have referred to that our court must adopt the rule that it is not a way by absolute necessity, but if convenient and necessary for the enjoyment of the estate is all that is required, and we think that occurs here.

We are asked to locate this driveway. There were some measurements made. First some one connected with the city street department went to this lot, and from the evidence that party did not measure this property, but anyhow he made a mark out in the street as the center or dividing line between these two lots, and from the defendant's evidence it appears that there were some measurements made by parties not engineers, but with a proper chain, and from their measurements and the testimony the center of the old driveway was about the dividing line between these two properties.

It appears at the time defendants moved in there was a fence along the front of these properties, and a gate badly broken down, possibly, at that time was used to enclose this driveway, and that there was a fence on the east side of the driveway on the property of the plaintiff, from the measurements from the east edge of the present driveway to what seems to be some old posts. As near as we can come to fixing the center of this old driveway, the center of it would coincide with the boundary line between these two parties, plaintiff's and defendant's. In other words, the old driveway was about half of it on plaintiff's property and half of it on defendant's property, and that is the holding of the court, that the center of the driveway is the dividing line between these two properties.

FARR and ROBERTS, JJ, concur.