[No. 30386. Department One. March 23, 1948.]

S. T. BUSHY, *Appellant,* v. CARRIE R. WELDON, *Respondent.*[1]

*M. E. Mack,* for appellant.

*Graves, Kizer & Graves,* for respondent.

SIMPSON, J.—Plaintiff instituted this action to quiet title to a small strip of land on the south side of his property, used as a driveway by himself and defendant, Carrie R. Weldon. The court entered a decree in favor of defendant, and plaintiff appealed.

Appellant's assignments of error challenge the correctness of the decree and of the order denying his motion for a new trial.

The material facts are not in serious dispute. A brief summation will suffice for the points to be considered. July 22, 1929, Andrew P. Harold acquired title to lots 19 and 20, Manito Park addition to the city of Spokane. Thereafter, Mr. Harold constructed a home on each of the lots, and at the same time located, and fully constructed and completed, a concrete driveway astride the common boundary line, so that the driveway would serve equally the houses and garages on the lots and could be used by the subsequent respective owners of each lot. Subsequently, Harold sold both lots to the Harold Furnace Manufacturing Company. April 26, 1933, the Harold company deeded lot 20 to appellant. October 22, 1930, the company sold lot 19 to Ernest

and Dora Jones. After several conveyances, the title came to rest in respondent, Carrie R. Weldon. At all times subsequent to the completion of the driveway, it has been jointly used by the several owners of the two houses as a common driveway, furnishing access to their respective houses and garages.

Inasmuch as appellant urgently insists that respondent should be compelled to construct another driveway on the south side of her property, it seems necessary to describe to some extent the condition of respondent's home. This description is taken from the evidence and from the findings of the trial court, who, by stipulation of counsel, visited the properties belonging to the litigants.

The properties are in an exceptionally choice residential district, in which the area surrounding the homes is uniformly kept in a high state of cultivation. The grounds and lawn of respondent are unusually attractive, indicating that great care and a substantial amount of money have been expended upon the grounds by respondent. There are flower beds, and beds of roses, to the immediate south of the residence. There are also several trees beside her house.

If the respondent were compelled to build a new driveway on the south portion of her property, it would require the construction of an eight-foot driveway from the curb of the street to the rear of the house, a distance of one hundred forty feet, the opening of the curb, and the building of a concrete floor for the garage, which would have to be moved from its present location. The location of a new driveway would require the building of a retaining wall along the south boundary of respondent's property. The north side of her house, through which entrance is also made to the kitchen, opens out immediately upon the common driveway. It is through this entrance that all household supplies, including fuel, are brought into the house. South of respondent's home is lot 18. On this lot, adjacent to the southwest corner of her lot, are high bushes which obstruct the view to the south of anyone backing a car along the south boundary line.

Respondent argues that she has the right to use the common driveway, and bases her contention on the ground that she has an easement by implication. On the other hand, appellant denies the easement, claims that the alleged right of respondent is based upon necessity which cannot be present in this case, and then makes the point that respondent can with reasonable expense construct a driveway on the south side of her property.

■ An easement is the mere right of a person to use for a definite purpose another man's land in connection with his own. That is, it is a definite restriction upon the right to the servient owner. An implied grant of easement is based upon the principle of construction that, where a man grants a definite thing, the thing granted is, by implication, accompanied by everything necessary to its reasonable enjoyment, or at least by those things which the common owner, during the time it was in his possession, used for its benefit, and which are appurtenant thereto.

■ Three things are regarded as essential to create an easement by implication. First, there must have been a unity of title, during which time the permanent use was impressed by obvious or manifest use upon one part of the estate in favor of the other; second, a separation by grant to the dominant owner; and, third, the easement must be reasonably necessary to the quiet enjoyment of the dominant estate. *Bailey v. Hennessey,* 112 Wash. 45, 191 Pac. 863; *Berlin v. Robbins,* 180 Wash. 176, 38 P. (2d) 1047; *Hubbard v. Grandquist,* 191 Wash. 442, 71 P. (2d) 410; and *White v. Berg,* 19 Wn. (2d) 284, 142 P. (2d) 260.

■ The *Bailey v. Hennessey* case is directly in point. In the *Bailey* case, the owner of two lots built thereon three buildings, leaving at their rear a ten-foot alley which was used by the builder and the purchasers of one of the lots as a driveway. The use continued from 1904 to 1918. This court held that the purchasers had an implied easement to the use of the alley. While the use of the driveway is reasonably necessary in order that respondent might quietly enjoy the use of her property, appellant contends for a strict

interpretation of "necessity." In the *Bailey* case, it is written:

"Though the courts are not unanimous, the majority rule is that the necessity need not be a strict necessity but need only be a reasonable necessity, and that degree of necessity is sufficient which merely renders the easement essential to the convenient or comfortable enjoyment of the property as it existed when the severance took place.

"We have not heretofore been called upon to determine, in questions of easements by implication, what degree of necessity is required, but the question has arisen in cases involving other sorts of easements, and we have adopted the interpretation just stated, and there is no reason why a stricter one should be applied in cases of this nature."

In the *Berlin* case, it was said on p. 188: "The weight of authority supports the rule that the necessity need only be a reasonable one."

No better statement of the rule can be found than the following from 9 R. C. L. 763-764, quoted by this court in the *Berlin* case:

" 'The degree of necessity is such merely as renders the easement necessary for the convenient and comfortable enjoyment of the property as it existed when the severance was made. It is sufficient if full enjoyment of the property cannot be had without the easement, or if it materially adds to the value of the land. It has been contended that the use of the word "necessary" in these cases is misleading; that the so-called "necessity" upon which the judges rely is in fact no necessity at all, but a mere beneficial and valuable convenience. Certainly such use of the word must be distinguished from the sense in which it is employed in designating ways of necessity. Some courts have adopted as the test, whether the easement is one for which a substitute can be furnished by reasonable labor and expense; while others adopt the rule that the presence of no degree of necessity is requisite in order that the easement shall pass, that if an apparent and continuous quasi easement forms a part of the tenement conveyed, and adds to the value for use, it becomes an easement and passes with the conveyance.' "

The facts in this case clearly demonstrate that respondent had an easement by implication to use the drive-

way, a portion of which was upon appellant's land. The parties had a common grantor who built the houses upon lots 20 and 19. He constructed on the boundary line between the houses the concrete runway which rested on both lots. The drive was used by the various owners, including the builder, appellant, and respondent, for about seventeen years. The evidence shows that the use of the driveway was necessary to the beneficial use of the lands granted to respondent.

Appellant contends that respondent could at reasonable cost build a driveway along the south border of her property; that she should be compelled to so construct the driveway and thereby release appellant's land of its burden.

The trial court in its findings Nos. 9 and 10, stated:

"Coming in and out of a driveway to the south, whilst all deliveries are contemplated to be made at the north entrance, would be a very great inconvenience. In addition thereto, the destruction of the trees and shrubbery would not only substantially impair the value of defendant Welden's property but would be much more substantial in the detriment that would accrue to the defendant Welden because of her attachment to her trees, shrubbery, bushes, and flowers, and to the present handsome appearance of her property. If a driveway were to be put in on the south side of the house, defendant Welden would only have a very small front yard and whatever growth or planting she thereafter maintained would largely have to be to the rear of the garage.

"From the Court's inspection of the premises, the Court finds as a fact that not only would the financial burden be unduly burdensome upon a woman of the modest income of the defendant Welden, but that in addition thereto irreparable damage would be done to the appearance of her home."

There is no need to set out further evidence concerning this question. It is sufficient to say that a study of the record convinces us that the findings of the trial court were entirely correct.

Finally, appellant complains, though he does not argue it, of a portion of the decree which requires him to pay one half of the expenses of the maintenance of the

driveway, and also requires that the parties park their cars at a distance not less than ten feet to the east of the archway which covers the driveway as it separates to lead to both garages. The direction concerning the parking of the cars was brought about by appellant's action in parking his car on the driveway in such manner as to exclude respondent's use of the driveway and of her garage. The court's decree concerning the upkeep of the driveway was made in the interests of both parties. It applied a proper rule of simple justice, and precludes litigation in the future.

The judgment of the trial court is affirmed.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.

