[Cite as *Kennedy v. Collins*, 2013-Ohio-2304.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BOB KENNEDY, ET AL. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JAN COLLINS, ET AL. | : | Case No. 12-CA-0017 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 10-CV-0353


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     May 30, 2013


APPEARANCES:

For Plaintiffs-Appellants

FREDERICK A. SEALOVER
45 North Fourth Street
P.O. Box 2910
Zanesville, OH 43702-2910

For Defendants-Appellees

SCOTT D. EICKELBERGER
RYAN H. LINN
50 North Fourth Street
P.O. Box 1030
Zanesville, OH 43702-1030

JOSEPH A. FLAUTT
111 North High Street
P.O. Box 569
New Lexington, OH 43764-0569

*Farmer, J.*

{¶1} On August 26, 2010, appellants, Bob and Joan Kennedy, filed a complaint for trespass to real estate and complaint to quiet title against their neighbors, appellees, Jan Collins and Nathan and Vonnie Voorhis. Appellants sought damages for the trespass and recognition of an implied easement for access across appellees' property. An amended complaint was filed on July 28, 2011 to add an additional plaintiff, The Kennedy Keystone Inheritance Trust, Rocky Brown, Trustee.

{¶2} The subject property was originally owned by Stella Watts. She sold a parcel of land to Countrytyme Grove City Ltd. who in turn divided the parcel into three tracts and sold them to appellants and appellees. Appellees Voorhis owned Tract 1, appellee Collins owned Tract 2, and appellants owned Tract 3. Appellee Collins eventually sold Tract 2 to appellees Voorhis.

{¶3} A bench trial commenced on February 6, 2012. At the conclusion of appellants' case, the trial court granted a directed verdict in favor of appellees on the trespass claims. By entry filed August 31, 2012, the trial court found appellants failed to establish an implied easement. The trial court issued injunctions barring appellants from crossing appellees' property and vice-a-versa.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED BY NOT FINDING THE EXISTENCE OF AN IMPLIED EASEMENT AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE PROVIDED AT TRIAL."

I

{¶6}    Appellants claim the trial court's decision in not finding the existence of an implied easement along a "path" was against the manifest weight and sufficiency of the evidence.  We disagree.

{¶7}    As stated by this court in *S.V., Inc. v. Casey,* 5th Dist. No. 12 CAE 07 0043, 2013-Ohio-1882, ¶ 48-50:

As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses.  Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment.  *Peterson v. Peterson,* 5th Dist. No. CT2003–0049, 2004–Ohio–4714, ¶ 10, citing *Cross Truck v. Jeffries,* 5th Dist. No. CA–5758, 1982 WL 2911 (Feb. 10, 1982). Questions of law are reviewed by the court de novo.  *Erie Ins. Co. v. Paradise,* 5th Dist. No.2008CA00084, 2009–Ohio–4005, ¶ 12.

In *Eastley v. Volkman,* 132 Ohio St.3d 328, 2102–Ohio–2179, 972 N.E.2d 517, the Ohio Supreme Court clarified the standard of review appellate courts should apply when assessing the manifest weight of the evidence in a civil case.  *SST Bearing Corp. v. Twin City Fan Companies, Ltd.,* 1st Dist. No. C110611, 2012–Ohio–2490, ¶ 16.  The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases.  *Eastley,* at ¶ 17–19.

A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Eastley,* at ¶ 20 quoting *Twearson v. Simon,* 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001); *See also Sheet Metal Workers Local Union No. 33 v. Sutton,* 5th Dist No. 2011 CA00262, 2012–Ohio–3549 citing *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

"In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley,* at ¶ 19.

{¶8}   The law governing implied easements is set forth in *Ciski v. Wentworth,* 122 Ohio St. 487 (1930), syllabus:

While implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves, the same may arise when the following elements appear: (1) A severance of the unity of ownership in an estate; (2) that, before the separation takes place, the use which gives rise to the easement shall have been so long

continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only.

{¶9} The *Ciski* court at 495-496 explained the analysis required in determining if the facts meet the rule:

While we recognize that the creation of easements by implication rests upon an exception to the general rule that written instruments shall speak for themselves, yet under proper circumstances the courts have recognized this doctrine. Certain elements are regarded as essential to the creation of an easement by implication, on the severance of unity of ownership in an estate. The same are well stated in the opinion in the case of *Bailey v. Hennessey,* 112 Wash. 45, at pages 48 and 49, 191 P. 863, as follows:

"Easements by implication arise where property has been held in a unified title, and during such time an open and notorious servitude has apparently been impressed upon one part of the estate in favor of another part, and such servitude, at the time that the unity of title has been dissolved by a division of the property or a severance of the title, has been

in use and is reasonably necessary for the fair enjoyment of the portion benefited by such use.***

"In determining whether the facts of a particular case bring it within the application of this rule, it is necessary to determine the extent of the use, the character, and the surroundings of the property, the relationship of the parts separated to each other, and the reason for giving such construction to the conveyances as will make them effective according to what must have been the real intent of the parties; the foundation of the rule being that there shall be held to have been included in the conveyances all the rights and privileges which were incident and necessary to the reasonable enjoyment of the thing granted, practically in the same condition in which the entire property was received from the grantor."

{¶10} In its entry filed August 31, 2012, the trial court found an implied easement did not exist based upon the evidence presented:

In the present case, there was a severance of the unity of ownership in the estate. Before the property was divided into three tracts, there was testimony from the prior owner that Texas Eastern used the pathway to access the pipeline. The path was dirt and horses also used it. When Mr. and Mrs. Voorhis visited the site prior to purchasing it, the trail was overgrown. There were no ruts in the path. The path did not stand

out to Mr. Voorhis. It had tall grass growing on it and the use marks were faint. Mrs. Voorhis testified that she was told the path was for the utility company to check its pipelines. She could barely see the path. In the Spring the path was overgrown with a canopy of trees and grass. The evidence established that the only easement that had continued and was obvious was the easement for Texas Eastern.

The easement is not reasonably necessary to the beneficial enjoyment of the land granted. The buyers of tract one and tract two constructed driveways from the written easement allowing them ingress and egress from State Route 669. The evidence did not establish that the servitude was continuous. The evidence established that it was an occasional use by the utility companies. The Plaintiffs have failed to establish that the pathway is an implied easement. The only easement the parties share with one another is the Declaration of Shared Access Easement, which was filed with the Perry County Recorder's Office on July 23, 2003.

{¶11} All parties agree there was one parcel which was divided into three tracts. Stella Watts sold the entire parcel to Countrytyme who in turn sold the parcel as three separate tracts. T. at 85. Clearly, severance of the unity of ownership in the parcel, the first condition for an implied easement, was met.

{¶12} Ms. Watts testified to her family's use of the land, including the disputed path. It was used to ride horses and as an access road for Texas Eastern to maintain

its pipeline on the parcel. T. at 87, 89. Texas Eastern compensated Ms. Watts for the use of the path. T. at 90. The path contained a loop because it was the way around a "big, big mud puddle." T. at 87. She stated it was an undeveloped path. T. at 90-91.

{¶13} When Countrytyme marketed the tracts, it displayed a drawing which included the path beginning on Tract 3 and meandering over Tract 2 and then back over to Tract 3 (Exhibit B). The drawing also illustrated a 50' Easement of Access off of State Route 669 servicing Tracts 2 and 3. Tract 2 was sold first to appellee Collins, then Tract 1 to appellees Voorhis, and then Tract 3 to appellants. Thereafter, appellee Collins sold Tract 2 to appellees Voorhis.

{¶14} Appellees Voorhis testified the path was hard to distinguish. T. at 193-194, 208. The thrust of appellants' claim is that they should be permitted to use the path to access the back of their property as appellant Bob Kennedy testified, "I haven't been allowed to go back to my own property to do a cotton pickin thing, and I pay taxes on all of it." T. at 118. He described the terrain of his property as follows (T. at 110):

> A. - - from right there where that gate is. I'd have to go down over that hill there. And once you go down over that hill, I don't care who it is, you better watch what you're doing cause she goes straight down into the ravines and gullies and all that. And then once you get in the bottom, you're going to have to walk all the way back uphill to get to the pipeline.

{¶15} The testimony of appellees totally contradicts the testimony of appellant Bob Kennedy. Appellant Bob Kennedy claimed the path was used freely by all parties.

T. at 157.  Appellees testified they did not use the path after appellants acquired their property.  T. at 177-178, 191-192, 198, 209-210.  No one denies the fact that at the time of the parcel's split by Countrytyme, the path was a "jungle" and overgrown with no ruts or visible path.  T. at 106, 193, 209.

{¶16}  The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison,* 49 Ohio St.3d 182 (1990).  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."  *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶17} Given the testimony presented by appellees, the evidence fails to establish that the servitude was continuous, as the use was merely occasional or temporary.  Further, Countrytyme, as the immediate predecessor in title, specifically reserved the easements it believed were necessary for the enjoyment and use of the tracts i.e., the 50' Easement of Access off State Route 669.  Countrytyme specifically omitted any use of the path by Tract 3 over Tract 2.

{¶18}  Upon review, we conclude the trial court was correct in finding no implied easement for failure to fulfill all of the conditions set forth in *Ciski*.

{¶19}  The sole assignment of error is denied.

{¶20} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

SGF/sg 520