# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TFAS KENT, LLC, a Washington limited liability company, | DIVISION ONE |
| Appellant, | No. 82999-8-I |
| v. | UNPUBLISHED OPINION |
| TU-TRINH HUYNH and MINH VAN BUI, individuals, | |
| Respondents. | |

DWYER, J. — TFAS Kent, LLC appeals from an order vacating a default judgment providing an implied easement in its favor. The trial court erred by vacating the default judgment, plaintiff/appellant contends, because defendants/respondents, Tu-Trinh Huynh and Minh Van Bui, failed to submit sufficient evidence of a prima facie defense. We disagree. The record indicates that sufficient evidence of a prima facie defense was submitted. Accordingly, we affirm.

I

TFAS Kent, LLC purchased real property containing a 5,000 square foot commercial building on March 2, 2021. The property is next to a residential property owned by Tu-Trinh Huynh and Minh Van Bui.

On April 28 and May 2, 2021, respectively, TFAS served Huynh and Bui with a summons and a complaint for an easement across their property.[1]  Huynh and Bui are Vietnamese immigrants who speak limited English.  They did not understand what they had been given and that they were required to "serve a copy of [their] defense within 20 days," CR 4(a)(2), or serve a written demand that the complaint be filed.  CR 3(a).  The complaint was filed in King County Superior Court on May 25, 2021, several weeks after service.  TFAS obtained a default judgment for an easement implied by prior use on June 1, 2021.  TFAS's counsel had been in communication with Huynh and Bui through their real estate agent about another matter, but did not inform them that TFAS was seeking a default judgment against them.

On June 30, 2021, Huynh and Bui—now represented by an attorney—filed a motion to vacate the default judgment.  In their motion, Huynh and Bui asserted that TFAS's lot abuts a public right-of-way, provided conveyance documents indicating the chain of title was other than as TFAS had represented it to be, and explained that their failure to reply was because they did not understand what was required of them.  The trial court vacated the default judgment.

TFAS appeals.

II

TFAS contends that the trial court erred by vacating the default judgment against Huynh and Bui.  This is so, it asserts, because Huynh and Bui failed to

---

[1] The complaint made claims for an easement implied by prior use, a prescriptive easement, and an easement by necessity.  However, the relief requested was "[t]hat the court declares an Easement exists, having been established by implied prior use."

produce prima facie evidence of a defense to TFAS's implied easement claim. We disagree.

We review a trial court's ruling on a motion to vacate a default judgment for abuse of discretion. Little v. King, 160 Wn.2d 696, 702, 161 P.3d 345 (2007). A trial court abuses its discretion only when its decision is manifestly unreasonable or is based on untenable grounds or untenable reasons. Rush v. Blackburn, 190 Wn. App. 945, 956, 361 P.3d 217 (2015) (citing Luckett v. Boeing Co., 98 Wn. App. 307, 309-10, 989 P.2d 1144 (1999)).

A default judgment may be set aside in accordance with CR 60(b). CR 55 (c)(1). CR 60(b)(1) provides that

> [o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order.

"Default judgments are generally disfavored in Washington." Rush, 190 Wn. App. at 956. "We prefer to give parties their day in court and have controversies determined on their merits." Morin v. Burris, 160 Wn.2d 745, 754, 161 P.3d 956 (2007). "But we also value an organized, responsive, and responsible judicial system where litigants acknowledge the jurisdiction of the court to decide their cases and comply with court rules." Little, 160 Wn.2d at 703. "Our primary concern in reviewing a trial court's decision on a motion to vacate is whether that decision is just and equitable." TMT Bear Creek Shopping Ctr., Inc. v. PETCO Animal Supplies, Inc., 140 Wn. App. 191, 200, 165 P.3d

3

1271 (2007). "'What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.'" Griggs v. Averbeck Realty, Inc., 92 Wn.2d 576, 582, 599 P.2d 1289 (1979) (quoting Widucus v. Sw. Elec. Coop., Inc., 26 Ill. App. 2d 102, 109, 167 N.E.2d 799 (1960)). "Abuse of discretion is less likely to be found if the default judgment is set aside." Griggs, 92 Wn.2d at 582.

The party seeking to vacate a default judgment pursuant to CR 60(b)(1) must establish:

> (1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.

White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968).

Herein, the relief awarded to TFAS by the order of default was the establishment of an easement across Huynh and Bui's property. In seeking a default judgment, TFAS asserted that it was entitled to an implied easement by prior use.

Easements implied by prior use—also known as easements by implication— generally require that "three essential predicates must be proved: (1) unity of title and subsequent separation by grant of the dominant estate, (2) prior apparent and continuous quasi easement for the benefit of one part of the estate to the detriment of another, and (3) the easement must be reasonably

necessary for the proper enjoyment of the dominant estate." Boyd v. Sunflower Props. LLC, 197 Wn. App. 137, 144, 389 P.3d 626 (2016) (citing Adams v. Cullen, 44 Wn.2d 502, 505, 268 P.2d 451 (1954); Silver v. Strohm, 39 Wn.2d 1, 5, 234 P.2d 481 (1951)).[2]

TFAS asserts that the trial court erred by relying on evidence that Huynh and Bui did not understand English and that service upon them took place a month prior to the case being filed (such that Huynh and Bui could not contact the court and become aware of the case)[3] in order to determine that there was substantial evidence of a prima facie defense. This did not occur. Rather, the trial court appropriately considered Huynh and Bui's English language skills and the manner of service, among other considerations, in determining that their failure to timely appear and answer in the case was the result of excusable neglect. The trial court's reasoning was sound.

The trial court then determined that "there is a sufficient showing of a prima facie defense," based on evidence submitted by Huynh and Bui that (1) contradicted the history of the conveyances as described by TFAS to the court, (2) demonstrated that TFAS's parcel abuts an arterial right-of-way, and (3) illustrated that the prayed-for easement is a 25-foot wide area over a substantial portion of their back lawn. This constituted substantial evidence to support a prima facie defense to TFAS's claim because it indicates that there was not prior use as TFAS had claimed and because it indicates that the grant of an easement

---

[2] The first of these is an absolute requirement. The second and third are aids in determining the intent of the parties and are not necessarily conclusive. Hellberg v. Coffin Sheep Co., 66 Wn.2d 664, 666, 404 P.2d 770 (1965).

[3] The trial court described this as "pocket service."

was unnecessary.[4]  Concluding that this was sufficient evidence of a prima facie defense was a proper exercise of judicial discretion because it was based on tenable grounds and reasons.  The trial court did not err in vacating the default judgment.

Affirmed.

Dwyer, J.

WE CONCUR:

Andrus, C.J.          Mann, J.

---

[4] The fact that TFAS's property abuts a public street is sufficient to establish a prima facie defense to any of the easement theories referenced in n.1, supra.